Argued and submitted May 11, ballot title certified as modified June 15, 1995

Lon T. MABON,
*Petitioner,*

*v.*

Theodore R. KULONGOSKI,
Attorney General of Oregon,
*Respondent.*

(SC S42044)

Kathy ARMSTRONG,
Lisa Horowitz, Allie Stickney,
*Petitioners,*

*v.*

Theodore R. KULONGOSKI,
Attorney General of the State of Oregon,
*Respondent.*

(SC S42070)
(Cases Consolidated for Argument and Opinion)

896 P2d 574

Lawrence J. Hall, Silverton, argued the cause and filed the petition for petitioner Mabon.

Per A. Ramfjord, of the ACLU Foundation of Oregon, Inc., Portland, argued the cause for petitioners Armstrong et al. With him on the petition were Stephen S. Walters and Scott J. Kaplan.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memoranda were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GRABER, J.

## GRABER, J.

■   In this original proceeding, two sets of petitioners challenge the ballot title for a proposed initiative measure. Petitioners are electors who, in a timely manner, submitted written comments about the Attorney General's draft ballot title, pursuant to ORS 250.067(1). Accordingly, petitioners are entitled to seek a different title in this court. ORS 250.085(2). The arguments that they make here relate to the comments that petitioners made during the administrative process. We modify the ballot title in certain respects and, as modified, certify it to the Secretary of State.

The proposed initiative measure reads as follows:

"AN ACT:

"BE IT ENACTED BY THE PEOPLE OF THE STATE OF OREGON:

"The Constitution of the State of Oregon is Amended by creating a new section to be added to and made a part of Article 1.

"Section 42: LATE TRIMESTER ABORTIONS PROHIBITED.

"(1)   An abortion performed when a preborn baby is in the second or third trimester of the mother's pregnancy is prohibited, except when it becomes necessary in order to save the life of the mother.

"(2)   The legislative assembly shall adopt enabling legislation. The People's mandate given to their elected representatives, including the Governor, is to create an adequate deterrent so that the Peoples' desire to protect lives of their preborn children in late stages of development will be safe from violations. That enabling legislation shall be established within the legislative session immediately following the passage of this Act. That legislative session shall not end until said enabling legislation shall be signed into law.

"The passage of this Act is not a statement that denies or diminishes the value of human life at all stages of human development, but is instead a realization that at this time a political consensus does exist that will save the lives of those preborn babies living within the second and third trimester.

"When the legislature fulfills the requirements herein set forth, subsection 2 of this Act shall be deleted from Oregon's

Constitution, but remain in the legislative record as a statement of intent.

"(3) The PEOPLE INTEND, that if any part of this enactment be found unconstitutional, the remaining parts shall survive in full force and effect. This Act shall be in all parts self-executing. For the purpose of this Act every Oregon resident and non-profit entity doing business in this state has standing."

For that measure, the Attorney General certified this ballot title to the Secretary of State:

"AMENDS CONSTITUTION:
BANS SECOND, THIRD TRIMESTER ABORTIONS
WITH ONE EXCEPTION

"QUESTION: Shall state constitution ban second and third trimester abortions except when needed to save pregnant woman's life; require enabling legislation?

"SUMMARY: Adds new section to state constitution. Section would ban second and third trimester abortions except when needed to save the pregnant woman's life. It would require the legislature to adopt laws adequate to deter violations. The legislature must adopt those laws in the next session after the measure passes. The session could not end until the new legislation was signed into law. When legislature fulfills its duty, the measure's provision on legislation would be deleted from the constitution but remain part of the legislative record."

■ This court reviews ballot titles for "substantial compliance with the requirements of ORS 250.035 and 250.039." ORS 250.085(5). ORS 250.035(1)(a) requires that a ballot title contain a "caption of not more than 10 words which reasonably identifies the subject of the measure." ORS 250.035(1)(b) requires that a ballot title also contain a "question of not more than 20 words which plainly phrases the chief purpose of the measure." Finally, ORS 250.035(1)(c) requires that a ballot title contain a "concise and impartial statement of not more than 85 words summarizing the measure and its major effect."[1]

The two sets of petitioners make different arguments. We will thus consider their arguments separately.

---

[1] ORS 250.039 requires that a ballot title comply with a standard of readability designated by the Secretary of State. That provision is not at issue in this case.

## PETITIONER MABON'S CHALLENGE

Petitioner Mabon asserts that the Question and Summary portions of the Attorney General's ballot title fail to comply substantially with the requirements of ORS 250.035(1)(b) and (c), because they use the term "pregnant woman," whereas the text of the proposed measure uses the term "mother." We are not persuaded.

The text of the proposed measure applies to all pregnant women; thus, the Attorney General's phrasing accurately conveys the chief purpose and major effect of the measure. *See Oregon Citizen's Alliance v. Roberts*, 308 Or 599, 603-04, 783 P2d 1001 (1989) (explaining use of the term "pregnant woman" in a ballot title for a similar measure). In this respect, the Attorney General's ballot title complies substantially with the requirements of ORS 250.035(1)(b) and (c).

## CHALLENGE OF PETITIONERS ARMSTRONG, HOROWITZ, AND STICKNEY

The remaining petitioners challenge all three portions of the ballot title. According to petitioners, their "[m]ost significant" objection is that the ballot title omits any mention of the following provision of the measure: "For the purpose of this Act every Oregon resident and non-profit entity doing business in this state has standing." Petitioners assert that the provision for standing is a subject, a chief purpose, and a major effect of the measure. They argue that "the voters have a right to know that the initiative will authorize and encourage litigation."

The Attorney General responds that the provision for standing is unclear. He argues that "standing" may or may not mean standing to sue in court to enforce or to challenge the terms of the proposed initiative measure.

We disagree with the Attorney General's position for two reasons. First, the grant of standing — whatever that may mean — is a chief purpose and a major effect of the measure that should be included in the ballot title. A possible lack of clarity does not mean that a chief purpose or major effect of a measure may be ignored in the ballot title.

Second, in context, standing has only one plausible meaning: " 'standing' means the right to obtain an adjudication." *Eckles v. State of Oregon*, 306 Or 380, 383, 760 P2d 846 (1988), *appeal dismissed*, 490 US 1032, 109 S Ct 1928, 104 L Ed 2d 400 (1989). For the purpose of the proposed new section of the constitution, then, every Oregon resident and non-profit entity doing business in Oregon would have the right to obtain an adjudication, that is, a right to bring an action in court.

■    Accordingly, we modify the Question and Summary to include the provision for standing. The Caption, however, "reasonably identifies the subject of the measure," ORS 250.035(1)(a), in its present form. Therefore, we certify the Attorney General's Caption without modification.

These petitioners make additional arguments that require no discussion. Their challenges either are not well taken or are no longer relevant after the revisions that we have made to enable us to include the standing provision within the applicable word limits.

## CONCLUSION

We certify the following ballot title for use with the proposed initiative measure:

AMENDS CONSTITUTION:
BANS SECOND, THIRD TRIMESTER ABORTIONS
WITH ONE EXCEPTION

QUESTION:    Shall state constitution ban second, third trimester abortions except to save pregnant woman's life; require legislation; grant standing to sue?

SUMMARY:    Adds a new section to the state constitution. The measure would ban second and third trimester abortions except when needed to save the pregnant woman's life. The measure also would require the legislature to adopt statutes adequate to deter violations, in the next session after the measure passes. The session could not end until the new statutes are signed into law. For the purpose of this constitutional section, the measure would grant to every Oregon resident and non-profit entity the right to sue in court.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(9).