Submitted on the record September 16, ballot title certified October 31, 1996

# Lon T. MABON,
*Petitioner,*

*v.*

# Theodore R. KULONGOSKI,
Attorney General,
State of Oregon,
*Respondent,*

*and*

# Lisa HOROWITZ,
*Intervenor.*

(SC S43562)

925 P2d 1234

Lon T. Mabon, petitioner *pro se*, filed the petition.

Stephanie L. Striffler, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the memorandum were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Per A. Ramfjord and Scott J. Kaplan, of Stoel Rives LLP, Portland, filed the memorandum for intervenor.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, and Durham, Justices.*

PER CURIAM

---

* Graber, J., did not participate in the consideration or decision of this case.

## PER CURIAM

This is an original proceeding in which petitioner challenges the ballot title for a proposed initiative measure. Petitioner is an elector who, in a timely manner, submitted written comments about the Attorney General's draft ballot title, pursuant to ORS 250.067(1). Accordingly, petitioner is entitled to seek a different title in this court. ORS 250.085(2). Petitioner's arguments here are consistent with those that he made during the administrative process.[1] We certify the ballot title to the Secretary of State.

The proposed initiative measure reads as follows:

"AN ACT:

"BE IT ENACTED BY THE PEOPLE OF THE STATE OF OREGON:

"The Constitution of the State of Oregon is Amended by creating a new section to be added to and made a part of Article 1.

"Section 41: LATE TRIMESTER ABORTIONS PROHIBITED.

"(1) An abortion performed when a preborn baby is in the second or third trimester of the mother's pregnancy is prohibited, except when it becomes necessary in order to save the life of the mother.

"(2) The legislative assembly shall adopt enabling legislation. The Peoples' mandate given to their elected representatives, including the Governor, is to create an adequate deterrent so that the Peoples' desire to protect the lives of their preborn children in late stages of development will be safe from violations. That enabling legislation shall be established within the legislative session immediately following the passage of this Act. That legislative session shall not end until said enabling legislation shall be signed into law.

"The passage of this Act is not a statement that denies or diminishes the value of human life at all stages of human development, but is instead a realization that at this time a political consensus does exist that will save the lives of

---

[1] Intervenor argues that the Attorney General's ballot title substantially complies with the requirements of ORS 250.035.

those preborn babies living within the second and third trimester.

"When referring to this Act and the enabling legislation, the more traditional and respectful term, mother, is to be used over the more sterile and disrespectful term, 'pregnant woman' when referencing a woman who is with child.

"When the legislature fulfills the requirements herein set forth, subsection 2 of this Act shall be deleted from Oregon's Constitution, but remain in the legislative record as a statement of intent.

"(3) The PEOPLE INTEND, that if any part of this enactment be found unconstitutional, the remaining parts shall survive in full force and effect. This Act shall be in all parts self-executing. For the purpose of this Act every Oregon resident and non-profit entity doing business in this state has standing."

For that measure, the Attorney General certified this ballot title to the Secretary of State:

## "AMENDS CONSTITUTION: BANS SECOND, THIRD TRIMESTER ABORTIONS WITH ONE EXCEPTION; PERMITS LAWSUITS

"RESULT OF 'YES' VOTE: 'Yes' vote bans second and third trimester abortions with one exception; permits lawsuits; requires legislation.

"RESULT OF 'NO' VOTE: 'No' vote rejects amendment banning second, third trimester abortions with exception, permitting lawsuits, requiring legislation.

"SUMMARY: Adds a new section to the state constitution. The measure would ban second and third trimester abortions except when needed to save the pregnant woman's life. The measure also would require the legislature to adopt statutes adequate to deter violations, in the next session after the measure passes. The session could not end until the new statutes are signed into law. For the purpose of this constitutional section, the measure would grant to every Oregon resident and non-profit entity the right to sue in court."

This court reviews ballot titles for substantial compliance with the requirements of ORS 250.035.[2] ORS 250.085(5).

---

[2] ORS 250.035(2) provides:

## THE CAPTION

Petitioner contends that the Caption portion of the Attorney General's ballot title fails reasonably to identify the subject matter of the measure, in violation of ORS 250.035-(2)(a). He argues that this court should delete the phrase "permits lawsuits" from the Caption, because permitting lawsuits is not the subject of the measure. He further argues that that phrase is prejudicial, because it will cause voters to assume that the measure will generate costly litigation at taxpayer expense. He asserts that the measure will produce few lawsuits, and that those will be concerned with enforcement of the law. Moreover, he argues that enabling legislation could place the cost of litigation on the parties.

The proposed measure essentially has three related subjects: (1) it would prohibit second and third trimester abortions, except when an abortion becomes necessary in order to save the life of the pregnant woman; (2) it would require that enabling legislation be enacted during the legislative session immediately following its passage; and (3) it would give every Oregon resident and nonprofit entity doing business in this state standing to initiate litigation relating to the measure's enforcement. Creation of the right to bring lawsuits is part of the measure's subject. Inclusion of the

---

"The ballot title of any state measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words that reasonably identifies the subject matter of the state measure. The caption of an initiative or referendum amendment to the constitution shall begin with the phrase, 'Amends Constitution,' which shall not be counted for purposes of the 10-word caption limit;

"(b) A simple and understandable statement of not more than 15 words that describes the result if the state measure is approved. The statement required by this paragraph shall include either the phrase, 'I vote' or 'vote yes,' or a substantially similar phrase, which may be placed at any point within the statement;

"(c) A simple and understandable statement of not more than 15 words that describes the result if the state measure is rejected. The statement required by this paragraph shall include either the phrase, 'I vote' or 'vote no,' or a substantially similar phrase, which may be placed at any point within the statement; and

"(d) A concise and impartial statement of not more than 85 words summarizing the measure and its major effect."

words "permits lawsuits" in the Caption, therefore, is permissible. Moreover, petitioner's arguments about the legislature's potential response to the costs of potential litigation are speculative. We decline to speculate about what may happen if the measure is approved by the voters.

■ We hold that the Attorney General's Caption substantially complies with the requirements of ORS 250.035(2)(a).

### THE "YES VOTE" AND "NO VOTE" RESULT STATEMENTS

Petitioner objects to the phrase "permits lawsuits" in the Attorney General's draft of the "yes vote" and "no vote" Result Statements.

ORS 250.035(2)(b) and (c) require that a ballot title shall consist of a "simple and understandable statement" that describes the "result" if the measure is approved or rejected. As stated above in connection with the Caption, approval of the measure will create a right to bring lawsuits.

■ We hold that the Attorney General's "yes vote" and "no vote" Result Statements substantially comply with the requirements of ORS 250.035(2)(b) and (c).

### THE SUMMARY

Petitioner contends that the Summary portion of the Attorney General's ballot title is not an impartial statement summarizing the measure and its major effect, in violation of ORS 250.035(2)(d). He argues that, because the Summary substitutes the words "pregnant woman" for the word "mother," the word actually used in the proposed measure, the Summary is partisan and biased. He further argues that, if the initiative passes and becomes an amendment to the Oregon Constitution, the word "mother" in this context will be legally correct, whereas the words "pregnant woman" in this context will be incongruous.

In *Oregon Citizen's Alliance v. Roberts*, 308 Or 599, 783 P2d 1001 (1989), this court addressed the identical argument presented here and approved the Attorney General's substitution of the words "pregnant woman" for the word

"mother," which was the word used in the measure. The court explained:

> "There is no doubt that only pregnant women can obtain abortions. The Attorney General's wording adequately explains the chief purpose of the measure. The issues of when life begins or when someone becomes a mother are not decided here." 308 Or at 604.

A few years later, in *Mabon v. Kulongoski*, 321 Or 247, 251, 896 P2d 574 (1995), this court again rejected the same argument:

> "The text of the proposed measure applies to all pregnant women; thus, the Attorney General's phrasing accurately conveys the chief purpose and major effect of the measure. *See Oregon Citizen's Alliance v. Roberts*, 308 Or 599, 603-04, 783 P2d 1001 (1989) (explaining use of the term 'pregnant woman' in a ballot title for a similar measure). In this respect, the Attorney General's ballot title complies substantially with the requirements of ORS 250.035-(1)(b) and (c)."

Petitioner presents no persuasive reason why a ballot title consistent with those recent cases has become impermissible in this case, and we find none.

■     We hold that the Attorney General's Summary substantially complies with the requirements of ORS 250.035-(2)(d).

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).