Submitted on the record January 2, ballot titles referred to Attorney General for modification February 7, 2002
Modified ballot titles referred to Attorney General for modification March 14, 2002 (333 Or 504, 41 P3d 1085)
New modified ballot titles certified March 29, 2002 (333 Or 592, 42 P3d 908)

Steven NOVICK,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49020)

Steven NOVICK,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49022)
(Consolidated for Opinion)

39 P3d 177

Margaret S. Olney, of Smith, Gamson, Diamond & Olney, Portland, filed the petitions for petitioner.

Judy C. Lucas, Assistant Attorney General, Salem, filed the answering memoranda for respondent. With her on the memoranda were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

BALMER, J.

## BALMER, J.

In these ballot title review proceedings, which we consolidated for opinion, petitioner challenges identical "yes" vote result statements of the Attorney General's certified ballot titles for two proposed initiative measures, which the Secretary of State has denominated as Initiative Petitions 120 (2002) and 121 (2002). For the reasons that follow, we conclude that the "yes" vote result statements do not comply substantially with ORS 250.035(2)(b), and we therefore refer the ballot titles to the Attorney General for modification. *See* ORS 250.085(8) (authorizing such disposition).

The Attorney General certified ballot titles for Initiative Petitions 120 and 121, which are identical in all respects except that Initiative Petition 120 would take effect in January 2003 and Initiative Petition 121 would take effect in January 2002. The text of both certified ballot titles provides:

"LOWERS TO FOUR PERCENT THE STATE
TAX RATES ON PERSONAL AND CORPORATE
CAPITAL GAINS INCOME

"RESULT OF 'YES' VOTE: 'Yes' vote taxes capital gains differently from all other income, lowers to four percent the tax rates on personal and corporate capital gains income.

"RESULT OF 'NO' VOTE: 'No' vote continues current law, under which both personal and corporate capital gains are taxed at same rates as all other personal and corporate income.

"SUMMARY: Currently, state income tax rates do not differentiate between capital gains income and other income; personal income tax rates vary between five and nine percent, based on total income; all corporate income is taxed at a rate of six and six-tenths percent. Measure lowers to four percent the tax rate for both personal and corporate capital gains income (as defined for federal taxes). All other income would be taxed at the current rates. State tax revenue from personal and corporate income is directed to the state general fund, which funds education, public safety, human services, and other state programs. Measure

reduces state income tax revenues and provides no replacement funds. Amendments apply to tax years beginning on or after January 1, [2003 (for Initiative Petition 120) or 2002 (for 121)]. Other provisions."

The "yes" vote result statement must be a "simple and understandable statement of not more than 25 words that describes the result if the * * * measure is approved." ORS 250.035(2)(b). Here, petitioner claims that the "yes" vote result statements do not comply substantially with ORS 250.035(2)(b) because they fail to inform voters that, in reducing state tax rates on capital gains income to four percent, the proposed measure would result in a corresponding reduction in funding available for public services.

In *Novick v. Myers*, 333 Or 12, 17, 35 P3d 1017 (2001), decided after the Attorney General certified the ballot titles at issue here, this court held that a "yes" vote result statement failing to describe the reduction in the State General Fund (General Fund) that would result from the proposed measure did not comply substantially with ORS 250.035(2)(b). The Attorney General concedes that, as in *Novick*, a direct result of the proposed measures here, if approved, would be a reduction in General Fund revenues. Accordingly, the Attorney General agrees with petitioner that the "yes" result statements for both measures do not comply substantially with ORS 250.035(2)(b) and requests that the court refer the ballot titles to the Attorney General for modification. We agree to do so.

Ballot titles referred to Attorney General for modification.