Submitted on the record March 8 (S51148) and March 9 (S51150), ballot title referred to Attorney General for modification April 2, reconsideration allowed by opinion May 6, 2004
See 336 Or 635, 89 P3d 1181 (2004)

Michael D. CREW,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S51148)

Lori GARCIA,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S51150)

(Consolidated for Review and Opinion)

87 P3d 656

John A. DiLorenzo, Jr., of Davis Wright Tremaine LLP, Portland, filed the petition for petitioner Crew.

Steven C. Berman, of Stoll Stoll Berne Lokting & Schlachter P.C., Portland, filed the petition for petitioner Garcia.

Denise G. Fjordbeck, Assistant Attorney General, Salem, filed the answering memoranda for respondent. With her on the answering memoranda were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

GILLETTE, J.

**GILLETTE, J.**

These ballot title review proceedings under ORS 250.085(2), which we have consolidated for purposes of disposition, concern the Attorney General's certified ballot title for a proposed initiative measure, denominated by the Secretary of State as Initiative Petition 128 (2004). The proposed measure, if adopted, would amend the Oregon Constitution by adding a section that would limit the total amount of fees that an attorney or attorneys could charge for the prosecution of a plaintiff's medical malpractice action against specified types of defendants. The limit would be $100,000. It would apply regardless of whether the fee agreement between the plaintiff and the attorney was for a contingent fee or an hourly rate, notwithstanding the amount that the plaintiff recovered, and irrespective of the number of attorneys or number of defendants.

The present case involves two separate petitions that challenge the Attorney General's certified ballot title for the proposed measure. Both petitioners are electors who timely submitted comments to the Secretary of State concerning the Attorney General's draft ballot title. They therefore are entitled to seek review of the resulting certified ballot title in this court. ORS 250.085(2). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035. *See* ORS 250.085(5) (setting out standard of review). In the present instance, we conclude that it does not. We therefore refer the ballot title to the Attorney General for modification.

The proposed measure is not extensive. We therefore set it out verbatim for purposes of reference:

> "Section _____ . (1) Notwithstanding any other provision of this Constitution, in any personal injury or wrongful death claim in which an injured patient, the patient's legal representative or the patient's estate seeks to recover damages from any Oregon licensed healthcare provider or entity for malpractice while acting within the scope of the healthcare provider or entity's license, the attorney fees charged to the patient, the patient's legal representative or the patient's estate by one or more attorney(s), whether based on a contingency fee or an hourly rate, shall not

exceed a total of $100,000, exclusive of actual expenses and costs reasonably incurred, whether received by judgment, settlement, or otherwise, and regardless of the number of plaintiff's attorneys or defendants. Notwithstanding the above, in cases covered by this subsection, attorney(s) and client [*sic*] may negotiate attorney fees, whether based on a contingency fee or an hourly rate, in an amount not to exceed $100,000.

"(2)   This amendment is self-executing upon passage, does not require implementing legislation and shall apply to all attorney fee agreements covered by subsection (1) that are entered into on or after January 1, 2005."

The Attorney General has certified the following ballot title for the foregoing proposed measure:

"AMENDS CONSTITUTION:   LIMITS ATTORNEY FEES NEGOTIATED BETWEEN ATTORNEYS, PATIENTS INJURED BY HEALTHCARE PROVIDER TO MAXIMUM $100,000

"RESULT OF 'YES' VOTE:   'Yes' vote limits right of patient, patient's spouse, patient's legal representative injured due to fault of healthcare provider to negotiate fee their attorney will receive.

"RESULT OF 'NO' VOTE:   'No' vote retains current law allowing attorneys and their clients to negotiate amount of fee attorney receives in action arising from fault of healthcare provider.

"SUMMARY: Amends Constitution. Current law places no limit on fee agreements between injured patients, their spouses, or their legal representatives and the attorneys who agree to represent them, unless the resulting fee is excessive or illegal. This measure limits attorney fees in actions based on fault of healthcare provider to a maximum of $100,000 regardless of the result achieved. The measure applies to claims for patient injury or death caused by a healthcare provider or healthcare entity such as a hospital. The limitation applies regardless of the number of attorneys involved in representing the patient, patient's spouse, or patient's representative and regardless of the number of defendants against whom claims are made. Restriction does not apply to attorneys for healthcare provider or entity. Other provisions."

Crew and Garcia filed separate petitions seeking to have this court either modify the foregoing certified ballot title or, in the alternative, refer it to the Attorney General for modification. Petitioner Crew challenges all parts of the Attorney General's certified ballot title; petitioner Garcia challenges all parts except the summary. We consider the substantive arguments of each petitioner in connection with the pertinent part of the ballot title.

## THE CAPTION

■     The caption is a statement of not more that 15 words, not including (when appropriate, as it is here) the words "Amends Constitution," that reasonably identifies the subject matter of the proposed measure. The text of the proposed measure determines the subject matter of the proposed measure. ORS 250.035(2)(a). As noted, the Attorney General's caption states:

> "AMENDS CONSTITUTION:   LIMITS ATTORNEY FEES NEGOTIATED BETWEEN ATTORNEYS, PATIENTS INJURED BY HEALTHCARE PROVIDER TO MAXIMUM $100,000"

Petitioner Crew objects, first, to the inclusion of the term "negotiated" in the caption. The proposed measure is not about "negotiation," he asserts, but, rather, is about a "limitation on the amount of attorney fees which an attorney can charge to a client in a healthcare malpractice action." We agree with petitioner Crew that the caption's focus on "negotiation" is misleading; the true subject of the proposed measure is the limitation on attorney fees that may be charged.

■     Petitioner Crew next argues that the Attorney General's caption is misleading in that it refers to "patients injured by healthcare provider[s]," without acknowledging that the scope of the proposed measure is more limited. Specifically, petitioner Crew argues that the proposed measure purports only to limit attorney fees charged for medical malpractice actions in which the tortfeasor healthcare provider or entity was practicing within the scope of the tortfeasor or entity's license. Again, we agree. The scope of the proposed measure would not reach, for example, malpractice by a chiropractor who attempts to perform certain kinds of surgery,

but the wording of the Attorney General's caption would lead to the impression that the proposed measure would extend to attorney fees charged in such a case.

■ Finally, petitioner Crew asserts that the Attorney General's caption is misleading in failing to clarify that the scope of the proposed measure would be limited to attorney fees and does not purport to limit expenses incurred in prosecuting a case. The Attorney General responds—and we agree—that the average voter will not confuse the two concepts, and therefore will not be misled. That argument is not well taken.

■ For her part, petitioner Garcia argues that the Attorney General's caption, which refers only to "patients injured" by healthcare providers, is misleading in that it makes it appear that the injuries in question might be purely accidental. That appearance is misleading, petitioner Garcia asserts, because the kinds of malpractice liability to which the proposed measure refers ("any personal injury or wrongful death claim") all require some degree of fault.

■ We agree with petitioner Garcia. Under existing law, a trier of fact may award damages to a patient against a healthcare provider, but only if the trier of fact finds that the healthcare provider was, at the least, negligent in a way that caused the patient's injury. *See, e.g.*, *Ritter v. Sivils*, 206 Or 410, 413, 293 P2d 211 (1956) (healthcare provider's liability based on failure to exercise due care). Put differently, the trier of fact first must conclude that some level of fault attends the healthcare provider's behavior that caused injury to the patient. *See id.* (healthcare provider not "warrantor of cure"); *Crewse v. Munroe*, 224 Or 174, 177, 355 P2d 637 (1960) (to same effect).

■ There are three possible levels of fault that could justify an award of damages in medical malpractice actions: negligence, recklessness, and intentional acts. By its terms, the limit in the proposed measure appears to apply to a medical malpractice action based on any of those levels of fault. But, as relatively broad as that coverage may be, the Attorney General's caption suggests that the scope of the proposed measure's coverage is broader still: According to the Attorney General, the proposed measure would extend to any attorney

fees to be charged in connection with any case in which a patient was "injured." That is incorrect. There must be some degree of fault involved. The Attorney General now concedes that the caption must address that topic. We agree.

■ Petitioner Garcia also objects to the Attorney General's failure to refer in the caption to actions for wrongful death, as well as for injury. Again, the Attorney General now agrees with that point, as do we. Without including the information that the limit prescribed by the proposed measure would apply to actions for wrongful death, as well as to actions for injury, the Attorney General's caption is under-inclusive and misleading.

In summary, we find the Attorney General's caption to be deficient in a number of particulars, all of which have a significant potential to mislead voters. As such, it fails to comply substantially with the requirements of ORS 250.035(2)(a). The Attorney General must correct the caption. *See Mabon v. Myers*, 332 Or 633, 637, 33 P3d 988 (2001) (caption should identify subject matter of proposed measure in terms that will not confuse or mislead potential petition signers or voters).

THE "YES" VOTE RESULT STATEMENT

■ As noted, the Attorney General's "yes" vote result statement provides:

> "RESULT OF 'YES' VOTE: 'Yes' vote limits right of patient, patient's spouse, patient's legal representative injured due to fault of healthcare provider to negotiate fee their attorney will receive."

Petitioner Crew challenges the Attorney General's "yes" vote result statement on grounds similar to those advanced in connection with the caption. We find the challenges to be well taken for similar reasons: The "yes" vote result statement focuses on "negotiation," rather than on the limit that the proposed measure would create, and the statement fails to identify the scope of malpractice actions to which the proposed measure would apply. It follows that the Attorney General's "yes" vote result statement is insufficient, and he must modify it in those respects.

Petitioner Garcia asserts respecting both vote result statements that they must be modified to reflect the changes necessitated by the imperfections that she has pointed out in the Attorney General's caption. The Attorney General concedes the point, and we agree.[1]

## THE "NO" VOTE RESULT STATEMENT

As noted, the Attorney General's "no" vote result statement provides:

> "RESULT OF 'NO' VOTE: 'No' vote retains current law allowing attorneys and their clients to negotiate amount of fee attorney receives in action arising from fault of healthcare provider."

Petitioners Crew and Garcia advance criticisms of the Attorney General's "no" vote result statement that are analogous to their objections to the "yes" vote result statement. We find the objections to be similarly well taken. The Attorney General must make appropriate changes to this statement, as well.[2]

## THE SUMMARY

As noted, the Attorney General's summary states:

> "SUMMARY: Amends Constitution. Current law places no limit on fee agreements between injured patients, their spouses, or their legal representatives and the attorneys who agree to represent them, unless the resulting fee is excessive or illegal. This measure limits attorney fees in actions based on fault of healthcare provider to a maximum of $100,000 regardless of the result achieved. The measure applies to claims for patient injury or death caused by a healthcare provider or healthcare entity such as a hospital. The limitation applies regardless of the number of attorneys involved in representing the patient, patient's spouse, or patient's representative and regardless of the number of

---

[1] Petitioner Crew makes an additional challenge to the "yes" vote result statement that we do not find to be well taken, and the discussion of which would not benefit the parties, bench, or bar.

[2] Petitioner Crew makes an additional challenge to the "no" vote result statement that we do not find to be well taken, and the discussion of which would not benefit the parties, bench, or bar.

defendants against whom claims are made. Restriction does not apply to attorneys for healthcare provider or entity. Other provisions."

Petitioner Crew advances several criticisms of the Attorney General's summary. We discuss two. Petitioner Crew argues that the summary fails to describe adequately the scope of the proposed measure in that it fails to indicate that its limitation would apply not only to litigation, but also to arbitration, mediation, and settlements. The Attorney General agrees with that contention, as do we. The Attorney General should modify the summary to reflect more accurately the scope of the proposed measure.

Petitioner Crew also argues that, like the caption and the vote result statements, the summary fails to mention the proposed measure's limitation to actions against healthcare providers who were acting within the scope of their licenses. Again, we agree.

## CONCLUSION

In summary, we hold that the Attorney General's certified ballot title fails to conform substantially to the requirements of ORS 250.035(2). Each of the four parts of the ballot title must be modified to some extent.[3]

Ballot title referred to Attorney General for modification.

[3] The changes that we require may necessitate other changes, as well. That will be a matter for the Attorney General to consider on referral.