Submitted on the record April 16, petition for reconsideration allowed; ballot title referred to Attorney General for further consideration May 6, 2004

Michael D. CREW,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S51148)

Lori GARCIA,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S51150)
(Consolidated for Review and Opinion)

89 P3d 1181

No appearance by petitioner Crew.

Steven C. Berman, of Stoll Stoll Berne Lokting & Schlachter P.C., Portland, filed the petition for reconsideration for petitioner Garcia.

No appearance by respondent.

GILLETTE, J.

**GILLETTE, J.**

This ballot title review proceeding is before us for a second time. In its first iteration, *Crew / Garcia v. Myers*, 336 Or 535, 87 P3d 656 (2004), we held that the Attorney General's certified ballot title for a proposed initiative measure, denominated by the Secretary of State as Initiative Petition 128 (2004), failed in several respects to comply substantially with the requirements of ORS 250.035(2). Pursuant to ORS 250.085(8), we referred the ballot title to the Attorney General for modification.

Our original decision in this case issued on April 2, 2004. By statute, the Attorney General had five business days thereafter in which to file with this court a modified ballot title. ORS 250.085(9). He did so on April 9, 2004, which was the fifth business day after our decision issued. Under ORS 250.085(9), "any * * * part[y] to the ballot title review proceeding" may file objections to the Attorney General's modified ballot title within five business days after the Attorney General files the modified ballot title. Petitioner Garcia filed such objections on April 16, 2004, which was the fifth business day after the Attorney General filed his modified ballot title. We have considered the contentions that petitioner Garcia advances in her petition to review the Attorney General's modified ballot title. None is well taken.

That is not the only issue before us, however. Petitioner Garcia also has sought reconsideration of this court's original decision in this case, arguing that certain of the contentions of petitioner Crew that we there addressed had not, in fact, been properly preserved.[1] Specifically, she asserts that, in his written comments made to the Secretary of State during the comment period provided by ORS 250.067, petitioner Crew failed to raise two issues on which we required modification of the Attorney General's ballot title—the "negotiation" and "scope of license" issues. It follows from that

---

[1] Petitioner Garcia filed her petition for reconsideration of our original decision at the same time that she filed her challenges to the Attorney General's modified ballot title, *i.e.*, on the tenth business day after we issued our original decision. The petition for reconsideration was timely. *See* ORAP 11.30(11)(b) (requiring such petitions to be filed "within 10 business days" after this court's decision).

premise, petitioner Garcia asserts, that this court erred in referring those issues to the Attorney General to be addressed in a modified ballot title.[2] We turn to that issue.

■        ORS 250.085(6) provides:

> "When reviewing a title prepared by the Attorney General, the Supreme Court *shall not consider* arguments concerning the ballot title not presented in writing to the Secretary of State unless the court determines that the argument concerns language added to or removed from the draft title after expiration of the comment period provided in ORS 250.067."

(Emphasis added.) As petitioner Garcia's citation to precedent shows, this court's ordinary practice has been to treat the foregoing emphasized wording as a prohibition. *See, e.g., Nelson v. Myers*, 330 Or 92, 97, 996 P2d 975 (2000) ("[P]etitioner did not present that argument to the Secretary of State. Accordingly, we may not consider it."); *Sizemore v. Myers*, 326 Or 220, 225, 953 P2d 360 (1997) (to same effect). Thus, if petitioner Garcia's premise is correct, this court erred in referring the issues in question to the Attorney General for consideration, and we should say so.

■        Our examination of the record leads us to conclude that petitioner Garcia is half right. In his written submissions to the Secretary of State, petitioner Crew did not raise, even indirectly, the "scope of license" issue that we discussed so prominently in our original opinion in this case, *see Crew / Garcia*, 336 Or at 540-41, 542, 543 (discussing issue). Neither did the Attorney General create that issue for the first time through changes that he made to his draft ballot title. It follows that we erred in addressing it.[3]

---

[2] Petitioner Garcia's petition appears to recognize implicitly that, whether or not this court erred in referring the "negotiation" and "scope of license" issues to the Attorney General for modification of the Attorney General's certified ballot title, referral itself was proper because there were other respects in which the Attorney General's certified ballot title failed to comply substantially with the requirements of ORS 250.035(2). *See, e.g., Crew / Garcia*, 336 Or at 541-42, 543, 544 (identifying other deficiencies in Attorney General's certified ballot title). Petitioner Garcia's objection is simply that the scope of our criticism of the ballot title reached into issues that we should not have addressed.

[3] We note in passing that, although the Attorney General ordinarily raises issues concerning whether an argument advanced in connection with a certified ballot title review was raised in written comments to the Secretary of State,

■     On the other hand, petitioner Crew raised the "negotiation" issue about which petitioner Garcia complains in various forms during the comment stage. It is true that petitioner Crew's views on that issue underwent serious modification between the comment period and the petition for review, but we think that the issue properly was before us. We did not err in addressing it.

■     The question now arises: What is the remedy? We conclude that our error makes it necessary once again to refer the matter to the Attorney General for such modification as he may deem appropriate. We say, "as he may deem appropriate," because the case now is in a peculiar posture. Once this court refers a ballot title to the Attorney General, he is free to modify it in accordance with this court's decision and any pertinent statutory requirements. Ordinarily, the Attorney General limits such modifications to correcting the defects that this court's referral decision identifies, but the modifications need not be so limited. Here, for example, although we erred in referring the certified ballot title back to the Attorney General and requiring a modification on the issue of scope of license, the fact remains that the Attorney General is entitled to address that topic in the modified ballot title if he chooses. That is, if he wishes to do so, the Attorney General need not further modify his ballot title with respect to the subject of scope of license. He also may decide, alternatively, that other information about the proposed measure deserves mention in the modified ballot title in lieu of the scope of license issue. The question is for him to decide.

Petition for reconsideration allowed. Ballot title referred to the Attorney General for further consideration.

---

the Attorney General did not raise such issues in this case. We do not by this observation suggest that the Attorney General is somehow at fault here: Whatever any party may assert or fail to assert, it is this court's obligation to assure itself in each case that it in fact has the authority to proceed. If the Attorney General missed that point in this case, so did we.