Steven NOVICK,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48603)

35 P3d 1017

Steven Novick, Portland, argued the cause and filed the petition for himself as petitioner.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause and filed the answering memorandum for respondent. With him on the memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

CARSON, C. J.

## CARSON, C. J.

This ballot title review proceeding under ORS 250.085(2) concerns the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State has denominated as Initiative Petition 47 (2002). Petitioner challenges the caption, the "yes" and "no" vote result statements, and the summary of the Attorney General's certified ballot title. For the reasons explained below, we hold that the "yes" vote result statement does not comply substantially with the requirements of ORS 250.035(2)(b). We refer the ballot title to the Attorney General for modification. *See* ORS 250.085(8) (authorizing such disposition); *Flanagan v. Myers*, 332 Or 318, 323-25, 30 P3d 408 (2001) (explaining why referral to Attorney General ordinarily is appropriate).

The proposed initiative measure would amend the Oregon Constitution by adding the following text to Article IX:

"Section 3c. Whereas revenue derived from taxes on motor vehicle fuel will decline as vehicles become more efficient and alternative sources of energy are discovered and employed, therefore, for tax years beginning on or after July 1, 2004, 10 percent (10%) of the state's income tax revenue shall be dedicated to the building and maintaining of public roads. These funds shall be divided equally between the Oregon Department of Transportation, which shall receive 50 percent of the aforementioned income tax revenue, and the cities and counties of Oregon, which shall receive the remainder. For purposes of this section 3a, income tax revenue means revenue derived from personal and corporate income taxes and corporate excise taxes.

"(a) The Oregon Department of Transportation and each city and county receiving these funds shall maintain a segregated account dedicated solely to the construction, reconstruction, improvement, repair, maintenance, operation and use of public highways, roads, streets and roadside rest areas, and shall place into this fund the aforementioned state income tax revenue, all highway funds received directly or indirectly from the federal government and all other revenue derived from taxes and fees on motor vehicle fuel and use.

"(b)   The state shall distribute equitably to cities and counties, using a formula established by law, not less than 40 percent of all revenue derived from state taxes and fees on motor vehicle fuel and use, including vehicle registration fees.

"(c)   To insure that funds dedicated by this Article are indeed used for the purposes to which they are dedicated, the Secretary of State shall audit all such accounts to confirm that the dedicated funds are not commingled with other funds or used for other purposes; and shall pursue any court action necessary to enforce this section and to insure that a public official who uses or authorizes the use of these dedicated funds for a purpose not authorized by this Constitution is held accountable."

For that proposed initiative measure, the Attorney General certified the following ballot title:

"AMENDS CONSTITUTION:   ALLOCATES
TEN PERCENT OF INCOME TAX REVENUES
FOR HIGHWAYS; DISTRIBUTES SOME
REVENUE TO CITIES, COUNTIES

"RESULT OF 'YES' VOTE:   'Yes' vote allocates ten percent of state income tax revenue to supplement existing funding for highway construction and maintenance; distributes some revenue to cities, counties.

"RESULT OF 'NO' VOTE:   'No' vote retains current manner of funding public highway construction and maintenance through dedicated fuel taxes, registration and licensing fees, and federal and local money.

"SUMMARY:   Amends constitution. Currently federal and state money, dedicated funds (fuel taxes, registration, licensing fees) finance highway construction and maintenance. Measure supplements existing highway funding by allocating ten percent of state income and excise tax revenue (divided equally between state, local entities) along with federal highway money and all taxes, fees on vehicle fuel and use to segregated fund for highway construction and maintenance. Requires 40 percent or more of state taxes and fees on motor vehicle fuel and use (including vehicle registration fees) to be 'equitably' distributed to cities and counties; they currently receive 39.95 percent. Does not define 'equitably.' Reduces revenue available for other state

expenditures; provides no replacement funding. Eliminates current authority to use highway funds for administration, bond retirement, parks. Other provisions."

Petitioner challenges all aspects of the ballot title—the caption, result statements, and summary. We have considered each of petitioner's arguments and conclude that only his challenge to the "yes" vote result statement is well taken. We confine our discussion to that argument.

The "yes" vote result statement must contain a "simple and understandable statement of not more than 25 words that describes the result if the * * * measure is approved." ORS 250.035(2)(b). To the extent practicable, the "yes" and "no" vote result statements must be written so that they are parallel. ORS 250.035(3).

Petitioner claims that the "yes" vote result statement does not comply substantially with the requirements of ORS 250.035(2)(b) because it fails to state that, in dedicating 10 percent of the income tax to highway funding, the proposed measure correspondingly would result in a reduction in the State General Fund (General Fund). Income tax revenues currently are deposited into the General Fund, which funds education, public safety, health care, and other state services. Because the proposed measure would dedicate 10 percent of the income tax revenues to highway funding, petitioner submits that, if approved, it would result *both* in an increase in the amount of funds available for highways *and* in a decrease in the amount of funds available for services paid from the General Fund.

The Attorney General concedes that petitioner "is largely accurate" respecting the impact that the proposed measure would have on the General Fund. The Attorney General defends the "yes" vote result statement on the ground that the *primary* result of the proposed measure would be to establish additional dedicated highway funding. Because the "yes" vote result statement states as much, the Attorney General argues that it substantially complies with the statute. According to the Attorney General, any reduction in the General Fund that would result if the proposed measure is approved would be an incidental fiscal consequence

that properly should be, and in fact is, addressed in the summary.[1]

We disagree with the Attorney General's characterization that the impact that the proposed measure would have on the General Fund is "incidental." Because the proposed measure does not provide alternative funding sources, a direct result of the proposed measure, if approved, would be a decrease in the source of General Fund revenues.

As noted, under ORS 250.035(2)(b), the "yes" vote result statement must describe the result of a proposed measure if approved. Because the Attorney General's "yes" vote result statement does not describe the reduction in the General Fund that would result from the proposed measure, the ballot title does not comply substantially with ORS 250.035(2)(b) and must be modified. In addition, although we reject petitioner's challenge to the "no" vote result statement, the Attorney General may modify the "no" vote result statement if he desires. *See* ORS 250.035(2)(b) (setting out requirements for "no" vote result statement); ORS 250.035(3) (to extent practicable result statements shall be parallel).

Ballot title referred to the Attorney General for modification.

---

[1] Specifically, the Attorney General notes that the summary states that the proposed measure "[r]educes revenue available for other state expenditures; provides no replacement funding."