Filed: July 28, 2011

IN THE SUPREME COURT OF THE STATE OF OREGON

GAIL RASMUSSEN and BETHANNE
DARBY,

Petitioners,

v.

JOHN R. KROGER, Attorney General,
State of Oregon,

Respondent.

(SC S059360)

En Banc

On petition to review ballot title filed April 12, 2011, considered and under advisement June 22, 2011.

Thomas K. Doyle of Bennett, Hartman, Morris & Kaplan, LLP, Portland, filed the petition and reply memorandum for petitioners.

Samuel A. Kubernick, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the answering memorandum were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

BALMER, J.

The ballot title is referred to the Attorney General for modification.

BALMER, J.

Petitioners seek review of the Attorney General's certified ballot title for Initiative Petition 14 (2012).  *See* ORS 250.085(2) (specifying requirements for seeking review of certified ballot title).  This court reviews the certified ballot title to determine whether it substantially complies with ORS 250.035(2) (stating requirements for ballot titles).  For the reasons explained below, we refer the ballot title to the Attorney General for modification.

Initiative Petition 14, if enacted, would amend the Oregon Constitution to prohibit the state (and any political subdivision) from imposing any inheritance tax, estate tax, or tax on the transfer of property "where the transfer is the result of the death of a person."  The proposed measure excludes from its prohibition certain fees related to transactions that may follow a person's death, such as fees for processing death certificates and for probate proceedings.

The Attorney General certified the following ballot title for Initiative Petition 14:

> **"Amends Constitution: Prohibits any inheritance or estate taxes on property transferred in connection with a person's death**
>
> **"Result of 'Yes' Vote:**  'Yes' vote prohibits state, political subdivisions, from imposing any estate or inheritance taxes on decedent's property transferred in connection with decedent's death; reduces state revenues.
>
> **"Result of 'No' Vote:**  'No' vote retains current one-time  state estate tax on inherited property for estates of certain value; rejects constitutional amendment prohibiting imposition of such taxes.
>
> **"Summary:**  Amends constitution.  Current state law imposes one-

1

time tax on estate of person dying on or after January 1, 2006, if estate's gross value determined by federal tax law as of December 31, 2000 -- is $1 million or more. Measure prohibits state and its political subdivisions from imposing any estate, inheritance, or other tax on transfer of a person's property, 'where the transfer is the result of the death of a person.' Measure allows state to cooperate with other states, territories and federal government in processing and collecting those entities' estate and inheritance taxes; permits state to impose some fees in connection with probate proceedings and other transactions which may occur following a person's death. Measure reduces state revenues, provides no replacement. Other provisions."

(Boldface in original.)

Petitioners are electors who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore are entitled to seek review of the resulting certified ballot title in this court. *See* ORS 250.085(2) (stating that requirement). Petitioners challenge the caption and the "yes" and "no" vote result statements.

Petitioners first assert that the certified caption fails to "reasonably identif[y] the subject matter" of the proposed measure, as required by ORS 250.035(2)(a), because it fails to state that, under current law, only estates with a gross value in excess of $1 million are subject to estate taxes. They argue that the caption is misleading because it incorrectly suggests that a tax is imposed on all estates and paid by individual taxpayers when they die, when, in fact, the measure "has no effect on any voter whose estate would be less than" $1 million. The Attorney General responds that the caption accurately informs voters that the measure would "constitutionally prohibit[ ] the imposition of any inheritance and estate taxes" and that the caption does not suggest that all voters currently are subject to such taxes.

2

We agree with the Attorney General. Nothing in the certified caption suggests that all persons currently are subject to estate or inheritance taxes. Rather, the caption accurately identifies the subject matter of the measure as a constitutional prohibition on the imposition of an estate or inheritance tax on the transfer of a decedent's property in connection with that person's death. Contrary to petitioners' assertion, the adoption of such a prohibition *would* have an effect on Oregon residents, including those with estates of less than $1 million, because it would place in the constitution a bar on any law that imposed such a tax. It is true, as petitioners point out, that Oregon law currently imposes no tax on estates of less than $1 million. And, as discussed below, we agree with petitioners that the elimination of that existing tax would be a "result" of the approval of the measure and should be described in the "no" vote result statement. But the Attorney General's identification of the subject matter of the measure as amending the constitution to prohibit estate taxes is accurate and substantially complies with ORS 250.035(2)(a).

Petitioners also argue that the caption is deficient because it fails to inform voters that one effect of the measure "would be to reduce revenue, without replacing that revenue." Petitioners claim that *Novick v. Myers,* 333 Or 12, 35 P3d 1017 (2001), stands for the proposition that when a measure would result in a reduction in state general funds, without some offsetting increase in revenues, that fact should be included in the ballot title.

We disagree with petitioners' claim that the caption is deficient for not stating that state revenues would be reduced if the measure passed. ORS 250.035(2)(a)

3

requires that the caption "identif[y] the subject matter" of the measure, while a different part of the ballot title statute, ORS 250.035(2)(b), requires a statement of the "*result* if the * * * measure is approved." (Emphasis added.) The Attorney General's certified caption, quoted above, complies with the statutory mandate for the caption. Moreover, the Attorney General describes the effect identified by petitioners in the certified "yes" vote result statement for Initiative Petition 14. Here, that aspect is a "result" of the adoption of the measure, and the Attorney General describes that result in an appropriate part of the ballot title. Additionally, petitioners' reliance on *Novick* is misplaced, because that decision did not require the ballot title *caption* to state that the measure at issue there would reduce general fund revenues, but rather held that, under the circumstances in that case, that result must be described in the "yes" vote result statement. 333 Or at 17.[1]

We turn to petitioners' challenge to the "yes" and "no" vote result statements. The "yes" vote result statement, as noted, is to consist of "a simple and understandable statement * * * that describes the result if the * * * measure is approved." ORS 250.035(2)(b). The "no" vote result statement is "a simple and understandable statement * * * that describes the result if the * * * measure is rejected." ORS 250.035(2)(c). Petitioners argue that the certified "yes" and "no" vote result statements do not comply with the applicable statutes because neither statement informs voters of the "limited reach" of the estate tax, which currently is imposed only on estates in excess

---

[1] Petitioners argue that the caption is deficient for one additional reason. We reject that argument without discussion.

4

of $1 million.[2] For that reason, petitioners argue, those statements do not accurately describe the "result" if the measure is approved or if it is rejected. The Attorney General responds that the "yes" and "no" vote result statements should be read together and that, although neither one explicitly states that the measure will result in the elimination of estate taxes only on estates in excess of $1 million (because only estates of that amount are subject to that tax), the reference in the "no" vote result statement to the fact that estate taxes currently apply only to "estates of a certain value" informs voters that not all estates are subject to the estate tax. That reference, the Attorney General maintains, sufficiently describes the "result" of the approval or rejection of the measure.

We agree with the Attorney General that the "yes" and "no" vote result statements should be read together, *Potter v. Kulongoski*, 322 Or 575, 582, 910 P2d 377 (1996), but even when read together, those statements are insufficient. The "yes" vote result statement adequately describes the prohibition on any estate or inheritance taxes and the reduction of state revenue that would "result if the * * * measure is approved." The "no" vote result statement, however, is an inadequate description of the result if the measure is rejected -- that is, if current law remains in effect. The parties agree that, under current law, only estates in excess of $1 million are subject to estate or inheritance taxes, yet the "no" vote result statement states only that "estates of a certain value" are

---

[2]     Petitioners make one additional argument that the "yes" and "no" vote result statements do not comply with ORS 250.035(2)(b) and (c). We reject that argument without discussion.

subject to such taxes. That vague and indefinite reference does not adequately inform voters *which* estates are now subject to estate or inheritance taxes and thus would continue to be subject to such taxes if the measure is rejected.[3]

In a memorandum of additional authorities, respondents bring to our attention recently passed legislation that makes one part of the certified ballot title summary inaccurate. Specifically, House Bill (HB) 2541 (2011), signed by the governor on June 28, 2011, would amend ORS 118.007 (2009) to change certain references to the federal tax code from the code as in effect on December 31, 2000, to the code as in effect on December 31, 2010. That change makes inaccurate the statement in the summary that refers to the valuation of an estate based on "federal law as of December 31, 2000." Petitioners, of course, did not challenge that aspect (or, indeed, any aspect) of the summary in this proceeding. However, because we refer the ballot to the Attorney General for modification for other reasons, we invite the Attorney General to make changes necessary to correct the inaccuracy in the summary that results from the passage of HB 2541.

The ballot title is referred to the Attorney General for modification.

---

[3] We also note that the second part of the "no" vote result statement -- "rejects constitutional amendment prohibiting imposition of such taxes" -- may be confusing to voters in that it uses a double negative and essentially mirrors the first part of the "yes" vote result statement. Although petitioners did not specifically challenge that portion of the statement, on referral the Attorney General may wish to revise the statement to address those matters.