Filed: October 6, 2011

IN THE SUPREME COURT OF THE STATE OF OREGON

GAIL RASMUSSEN
and BETHANNE DARBY,

Petitioners,

v.

JOHN R. KROGER,
Attorney General, State of Oregon,

Respondent.

(SC S059368)

En Banc

On petition to review ballot title filed April 15, 2011, considered and under advisement June 22, 2011.

Thomas K. Doyle, Bennett, Hartman, Morris & Kaplan, LLP, Portland, filed the petition and reply memorandum for petitioners.

Samuel A. Kubernick, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the answering memorandum were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

LINDER, J.

Ballot title referred to the Attorney General for modification.

LINDER, J.

Petitioners seek review of the Attorney General's certified ballot title for Initiative Petition 15 (2012). *See* ORS 250.085(2) (specifying requirements for seeking review of certified ballot title). This court reviews the certified ballot title to determine whether it substantially complies with ORS 250.035(2) (stating requirements for ballot titles). For the reasons explained below, we refer the ballot to the Attorney General for modification.

If enacted, Initiative Petition 15 would add a provision to the Oregon Revised Statutes that would phase out all estate and inheritance taxes, and related taxes on intra-family property transfers, that the state currently has statutory authority to collect. The proposed measure would supersede any Oregon law that purports to impose such a tax.

The Attorney General certified the following ballot title for Initiative Petition 15:

> **"Phases out estate and inheritance taxes, and any tax on property transfers between family members**
>
> **"Result of 'Yes' Vote:** 'Yes' vote phases out estate/inheritance tax, tax on death-related property transfers, and tax on property transfers between certain family members; reduces state revenue.
>
> **"Result of 'No' Vote:** 'No' vote retains one-time estate tax on inherited property for estates of certain value; tax on property transfers between family members in certain circumstances.
>
> **Summary:** Current state law imposes one-time tax on estate of person dying on/after January 1, 2006, if estate's gross value -- determined by federal law as of December 31, 2000 -- is at least $1,000,000. Current law taxes income-producing property sales, regardless of parties'

1

relationship. Measure incrementally phases out estate/inheritance tax, tax on property transfers between 'family members' (defined), and tax on property transferred in connection with person's death; prohibits imposition of such taxes on property of person dying on/after January 1, 2016. Allows state to cooperate with other states and federal government in administering those entities' estate/inheritance taxes; permits fees on probate and other transactions that may occur following person's death. Measure reduces state revenues; provides no replacement. Other provisions."

(Boldface in original.)

Petitioners are electors who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore are entitled to seek review of the resulting certified ballot title in this court. *See* ORS 250.085(2) (stating that requirement). Petitioners challenge the caption and "yes" and "no" vote result statements.

We first consider petitioners' challenge to the caption. Our task is to determine whether the caption substantially complies with the relevant statutory standard. ORS 250.085(5). ORS 250.035(2)(a) sets out the basic standard for ballot title captions: A certified ballot title must contain a "caption of not more than 15 words that reasonably identifies the subject matter." The "subject matter" of a proposed measure is "the 'actual major effect' of [the] measure or, if the measure has more than one major effect, all such effects (to the limit of the available words)." *Whitsett v. Kroger*, 348 Or 243, 247, 230 P3d 545 (2010). When the major effect of a proposed measure would be a substantive change in existing law, the ballot title should inform the reader of the scope of the change. *Kain/Waller v. Myers*, 337 Or 36, 40, 93 P3d 62 (2004) (caption should identify the proposed measure's subject matter in a way that "do[es] not understate or overstate

the scope of the legal changes that the proposed measure would enact").

Petitioners argue that the Attorney General's caption for Initiative Petition 15 violates the relevant standards because it suggests to the reader that the measure's actual effect is far broader than it actually is. Petitioners argue, in particular, that the caption erroneously suggests to voters that the measure would phase out a tax that presently applies to *all* estates, when, in fact, the present estate tax applies only to estates with a gross value of $1 million or more. In other words, according to petitioners, the measure's effect would be restricted to eliminating the tax on those larger estates, which is an effect that the caption does not identify.

Recently, in *Rasmussen v. Kroger*, 350 Or 533, 258 P3d 1224 (2011), this court considered a similar argument in the context of a challenge to the Attorney General's certified ballot title for a related proposed measure. That proposed measure would amend the Oregon Constitution to prohibit the state and its political subdivisions from imposing any estate, inheritance, or other tax on the transfer of a person's property "where the transfer is the result of the death of a person." The Attorney General certified the following caption for the ballot: "Amends Constitution: Prohibits any inheritance or estate taxes on property transferred in connection with a person's death." The petitioners in that case (who also are petitioners in the present case) raised the same objection to that caption that they now raise to the caption certified for Initiative Petition 15 -- *viz.*, that the caption erroneously suggests that all estates in Oregon are subject to estate and inheritance taxes and, thus, misleads the reader as to the scope of changes that the proposed measure would effect.

3

This court rejected that argument, explaining:

> "Nothing in the certified caption suggests that all persons currently are subject to estate or inheritance taxes. Rather, the caption accurately identifies the subject matter of the measure as a constitutional prohibition on the imposition of an estate or inheritance tax on the transfer of a decedent's property in connection with that person's death. Contrary to petitioners' assertion, the adoption of such a prohibition *would* have an effect on Oregon residents, including those with estates of less than $1 million, because it would place in the constitution a bar on any law that imposed such a tax."

*Id*. at 536.

Despite the similarities in the arguments and subject matter between *Rasmussen* and this case, *Rasmussen* does not dictate the result here, because the two measures differ in a significant way. The proposed measure at issue in *Rasmussen* was a constitutional amendment that would flatly prohibit the imposition of any estate or inheritance tax by the state or any local government. Although the measure clearly would have the *specific* effect of nullifying existing estate and inheritance tax laws, it ultimately would have the broader and more lasting effect of prohibiting the legislature in the *future* from enacting laws imposing such taxes. Thus, the measure at issue in *Rasmussen* had the major effect of limiting the legislature's power to levy estate and inheritance taxes. In the light of that effect, a caption that focused on that broad constitutional change, without mentioning the specifics of the existing laws that would be nullified, did not mislead readers about the scope of the proposed change.

In contrast, the proposed measure in this case is statutory, and it explicitly purports to "phase out" the existing statutory scheme for taxation of estates and intra-family gifts ("the Death Tax system in place at the time of passage of this Act"). When a

4

proposed measure is explicitly directed at changing the existing statutory scheme and its major effect will be to change that scheme, the particulars of the existing scheme *may* be an essential element that must be disclosed in the caption in order to inform the reader of "the scope of the legal changes that the proposed measure would enact." *Kain/Waller*, 337 Or at 40.

*Kain/Waller* is instructive. In *Kain/Waller*, the petitioners challenged the certified ballot titles for two proposed measures that would cap ad valorem property taxes levied on single family residences at $200 per month. The captions of the certified ballot titles described both measures in essentially those terms: "Amends Constitution: Caps Property Taxes on Single Family Residence and the Land Upon Which It Is Located."[1] The petitioners argued that the captions failed to reasonably identify the subject matter of the proposed measures, because they failed to disclose that the measures would fundamentally alter Oregon's system of property taxation from one based on the assessed value of property to one that levies taxes at a flat amount regardless of the property's assessed value. This court agreed with the petitioners, holding that (1) the shift away from a property taxation scheme that historically had relied on assessed value of the affected property was not merely "one effect" of the proposed measure, but "[went] to the heart of the proposed measure and [was] part of its subject matter," 337 Or at 44; and (2)

---

[1] The proposed measures in *Kain/Waller* were constitutional amendments, but nevertheless illustrate the point that, in some circumstances, to inform the reader of "the scope of the legal changes that the proposed measure would enact," the caption will have to describe some particulars of the existing statutory scheme.

5

the caption must make the fact of the shift explicit, and could not rely on an *assumption* that the voters were aware of relevant statutory background that made it clear that the proposed measure involved a shift to a property tax system that would apply the same tax limit to all property regardless of value, *id.*[2]

The question in this case, then, is whether the logic of *Kain/Waller* applies to the caption of the certified ballot title for Initiative Petition 15.  We are persuaded that it does.  Just as the assessment cap in *Kain/Waller* would have represented a fundamental shift in Oregon's property taxation scheme, so, too, would the adoption of Initiative Petition 15 represent a fundamental shift in Oregon's estate taxation scheme -- that is, a shift from one that taxes only very large estates to one that allows those very large estates to avoid taxation.  That change represents a significant policy choice that goes to the crux of the proposed measure's effect.  It is part of the subject matter of the proposed measure and must be acknowledged in the ballot title's caption, if it is possible to do so within the

---

[2] *Whitsett v. Kroger*, 348 Or 243, 230 P3d 545 (2010) also is on point.  In *Whitsett*, the petitioners challenged the attorney general's certified ballot title for a referred measure that would authorize the state to issue general obligations bonds to finance acquisition, construction, repair and furnishing of state-owned property.  The petitioners argued that the certified caption, which described the measure's subject in terms of "authoriz[ing] lowest-cost borrowing for state's real and personal property projects," was misleading because it failed to mention that the proposed measure would essentially supersede an existing constitutional limitation on the state's incursion of debt. This court agreed, citing *Kain/Waller*, and noting that a ballot title caption for such measures must "inform prospective voters of the 'substantive change' in *existing law* that the measure will make."  *Whitsett*, 348 Or at 248 (emphasis added).   The court particularly noted that the change to the existing law represented a significant policy choice, and that the caption must acknowledge that policy choice.  *Id*. at 249.

6

15-word limit specified in ORS 250.035(2)(a).

Petitioners also argue that the caption is inadequate because it makes no reference to what they perceive to be another primary effect of the measure -- that of "reducing revenue, without replacing that revenue." Petitioners contend that, to the extent that the Attorney General has opted to describe the "subject matter" of the proposed measure in terms of an effect (*i.e.*, the phasing out of estate and inheritance taxes), he must include some reference to the measure's effect on state revenues. We are not persuaded. An "effect" that is at the heart of a proposed measure -- such as a shift in the existing statutory paradigm for dealing with a subject of interest to the government and the public -- qualifies as the proposed measure's "subject matter" and must be mentioned in the ballot title caption. But that does not mean that any and all results or "effects" that might flow from a proposed measure's adoption demand similar treatment. The Attorney General concluded that the reduction of revenue to the state would be a result that warrants mention in the ballot title's results statements and included it in the "yes" vote result statement in the certified ballot title. But we conclude that that result is not so central to the proposed measure's meaning and purpose that it must be mentioned in the caption as well.[3]

We turn next to petitioners' challenges to the "yes" and "no" vote results

---

[3] Petitioners also argue that the caption is inadequate because it does not mention a savings clause in the proposed measure that allows for the imposition of fees on probate and other transactions that may be triggered by a person's death. That argument is without merit, and we reject it without further discussion.

7

statements. Again, we review those statements for substantial compliance with the relevant statutory standards. ORS 250.085(5). Those standards provide that a "yes" vote result statement must be a "simple and understandable statement of not more than 25 words that describes the result if the * * * measure is approved," while a "no" result statement must be a similarly concise "simple and understandable statement * * * that describes the result if the * * * measure is rejected." ORS 250.035(2)(b) and (c).

For the reader's convenience, we set out, for a second time, the "yes" and "no" result statements in the Attorney General's ballot title:

**"Result of 'Yes' Vote:** 'Yes' vote phases out estate/inheritance tax, tax on death-related property transfers, and tax on property transfers between certain family members; reduces state revenue.

**"Result of 'No' Vote:** 'No' vote retains one-time estate tax on inherited property for estates of certain value; tax on property transfers between family members in certain circumstances."

Petitioners contend that the result statements fail to substantially comply with the statutory standard because they fail to "inform the voter that the current estate tax is on one-million-dollar-plus estates and that passage of [Initiative Petition 15] would eliminate that tax on those estates." The Attorney General observes, however, that the "no" vote result statement informs the reader that the existing estate tax scheme (which the proposed measure would change) imposes estate taxes only on "estates of certain value." The Attorney General contends that that statement will sufficiently inform any voter who reads the two result statements together (as they should) that the proposed measure's phase out of estate taxes would affect only a limited number of persons.

The Attorney General raised an identical argument in defense of similarly

8

worded "yes" and "no" vote result statements in the certified ballot title at issue in *Rasmussen*, mentioned above. __ Or at __ (slip op at 3-4). We rejected the argument there, concluding that the indefinite reference to "estates of certain value" did not inform voters *which* estates presently are subject to estate taxes (and, thus, would continue to be subject to estate taxes if the measure were rejected). *See Rasmussen*, 350 Or App at 538-39.[4] The "yes" and "no" statements must be modified so that, individually or together, they inform the voter that current law only taxes estates valued at $1 million or more, and that a "no" vote will retain that scheme while a "yes" vote will not.[5]

Petitioners have not challenged the certified ballot title's summary. The Attorney General, however, has notified the court that legislation recently enacted by the Oregon legislature may affect the accuracy of a portion of the certified ballot title summary. The Attorney General points, in particular, to House Bill (HB) 2541 (2011) (signed by the governor on June 28, 2011), which amends ORS 118.007 (2009) to provide that references to the Internal Revenue Code in that statute relate to the code "as

---

[4] Although it may be acceptable in some cases to state the results of "yes" and "no" votes with less specificity, that is not the case here. As we have suggested above, __ Or at __ (slip op at 6), a clear policy choice inheres in the current scheme of taxing estates in excess of $1 million. The phrase "estates of a certain value" is too vague and general to inform voters of the policy choice that would be reversed if the proposed measure were adopted or that it would remain intact if the proposed measure were rejected.

[5] Petitioners also argue that the "yes" and "no" vote result statements fail to comply substantially with ORS 250.035(2)(b) and (c) because they do not refer to the fact that the proposed measure would allow fees associated with the death of an individual. That argument is not well taken and we reject it without further discussion.

9

amended and in effect on December 31, 2010," rather than, as had previously been the case, to the code as in effect on December 31, 2000. The Attorney General observes that that change appears to render a statement in certified ballot title's summary -- that current Oregon law imposes a tax on an estate's "gross value [as] determined by federal law as of December 31, 2000" -- inaccurate.

We acknowledge the problem that the Attorney General identifies. We are remanding the certified ballot title to the Attorney General for modifications to the caption and "yes" and "no" vote results statements (as discussed above), and we invite the Attorney General to modify the summary as well, to correct the problem that has arisen out of the enactment of HB 2541.

Ballot title referred to the Attorney General for modification.