**Filed: November 23, 2011**

IN THE SUPREME COURT OF THE STATE OF OREGON

GAIL RASMUSSEN
and BETHANNE DARBY,

Petitioners,

v.

JOHN R. KROGER,
Attorney General,
State of Oregon,

Respondent.

(SC S059448)

En Banc

On petition to review ballot title filed May 17, 2011; considered and under advisement on June 22, 2011.

Aruna A. Masih, Bennett, Hartman, Morris & Kaplan, LLP, Portland, filed the petition and reply memorandum for petitioners.

Samuel A. Kubernick, Assistant Attorney General, Salem, filed the answering memorandum and memorandum of additional authorities for respondent. With him on the memoranda were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Kevin L. Mannix, Kevin L. Mannix, P.C., Salem, filed the memorandum of *amicus curiae* Robert Zielinski, Jr.

DURHAM, J.

The ballot title is referred to the Attorney General for modification.

DURHAM, J.

Petitioners seek review of the Attorney General's certified ballot title for Initiative Petition 18 (2012). *See* ORS 250.085(2) (specifying requirements for seeking review of certified ballot title). This court reviews the certified ballot title to determine whether it substantially complies with ORS 250.035(2) (stating requirements for ballot titles). For the reasons explained below, we refer the ballot title to the Attorney General for modification.

Initiative Petition 18, if approved by the voters, would enact a prohibition on the imposition of any state or local estate tax, inheritance tax, tax on property transferred in connection with a person's death, or tax on the transfer of property between "family members" as the proposed measure defines that term. The proposed measure would supersede current statutes that impose those taxes, and it excludes from its prohibition certain statutes that impose fees related to transactions that may follow a person's death, such as fees for processing death certificates and for probate proceedings.

The Attorney General certified the following ballot title for Initiative Petition 18:

"**Prohibits estate and inheritance taxes, and any tax on property transfers between 'family members' (defined)**

"**Result of 'Yes' Vote:** 'Yes' vote prohibits estate and inheritance tax, tax on death-related property transfers, and tax on property transfers between certain family members; reduces state revenue.

"**Result of 'No' Vote:** 'No' vote retains one-time estate tax on inherited property for estates of certain value; tax on property transfers between family members in certain circumstances.

1

"**Summary:** Current state law imposes one-time tax on estate of person dying on or after January 1, 2006, if estate's gross value -- determined by federal law as of December 31, 2000 -- is at least $1,000,000.  Current law taxes income-producing property sales, regardless of parties' relationship.  Effective January 1, 2013, measure prohibits estate and inheritance tax, tax on property transfers between 'family members' (defined), and tax on property transferred in connection with person's death.  Measure allows state to cooperate with other states and federal government in processing and collecting those entities' estate and inheritance taxes; permits fees on probate proceedings, for processing of death certificates, and on other transactions that may occur following person's death.  Measure reduces state revenues; provides no replacement.  Other provisions."

(Boldface in original).

Petitioners are electors who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore are entitled to seek review of the resulting certified ballot title in this court.  *See* ORS 250.085(2) (stating that requirement).  Petitioners challenge the caption and the "yes" and "no" vote result statements.

We first consider petitioners' challenge to the caption.  A certified ballot title must contain a "caption of not more than 15 words that reasonably identifies the subject matter of the * * * measure."  ORS 250.035(2)(a).  The "subject matter" of a proposed measure is "the 'actual major effect' of [the] measure or, if the measure has more than one major effect, all such effects (to the limit of the available words)." *Whitsett v. Kroger*, 348 Or 243, 247, 230 P3d 545 (2010).  "When the major effect of a proposed measure would be a substantive change in existing law, the ballot title should inform the reader of the scope of the change." *Rasmussen v. Kroger*, 351 Or 195, 198, ___P3d ___ (2011) (citing *Kain/Waller v. Myers*, 337 Or 36, 40, 93 P3d 62 (2004)).

2

Petitioners argue that the Attorney General's caption for Initiative Petition 18 violates the relevant statutory standard because it inaccurately describes the changes that the measure would enact. According to petitioners, the certified caption erroneously suggests to voters that the measure would prohibit taxes that presently apply to all estates, when, in fact, the present statutory scheme taxes only estates with a gross value of $1 million or more. The Attorney General responds that the caption accurately informs voters that the measure would prohibit the imposition of any estate or inheritance tax as well as tax on property transfers between certain family members without suggesting that all voters currently are subject to such taxes.

This court has twice considered similar arguments -- notably made by the same parties appearing in the matter at hand -- in the context of challenges to the Attorney General's certified ballot titles for two other proposed measures. In *Rasmussen v. Kroger*, 350 Or 533, 258 P3d 1224 (2011), the petitioners challenged the certified ballot title for Initiative Petition 14. The certified caption for that proposed measure stated: "Amends Constitution: Prohibits any inheritance or estate taxes on property transferred in connection with a person's death." In challenging that caption, the petitioners raised the same objection that they now raise to the caption certified for Initiative Petition 18: that the caption erroneously suggests that all estates in Oregon are subject to estate and inheritance taxes, thus misleading voters as to the scope of changes that the proposed measure would effect. The court in *Rasmussen*, however, rejected that argument and held that the certified caption substantially complied with ORS 250.035(2)(a). *Id.* at 536-37. In reaching that result, the court explained:

3

"Nothing in the certified caption suggests that all persons currently are subject to estate or inheritance taxes. Rather, the caption accurately identifies the subject matter of the measure as a constitutional prohibition on the imposition of an estate or inheritance tax on the transfer of a decedent's property in connection with that person's death. Contrary to petitioners' assertion, the adoption of such a prohibition *would* have an effect on Oregon residents, including those with estates of less than $1 million, because it would place in the constitution a bar on any law that imposed such a tax."

*Id*. at 536 (emphasis in original).

More recently, in *Rasmussen*, 351 Or 195, the petitioners challenged the certified caption for Initiative Petition 15. In so doing, the petitioners reasserted the same argument they had raised in challenging the certified caption for Initiative Petition 14, *i.e.*, that the caption would mislead the reader by erroneously suggesting that all estates in Oregon are subject to estate and inheritance taxes. The certified caption for Initiative Petition 15 stated: "Phases out estate and inheritance taxes, and any tax on property transfers between family members." Despite the similarities in the subject matter of Initiative Petitions 14 and 15 and the arguments raised by the parties, the court concluded that the measures differed in a significant way that ultimately affected the accuracy of the certified caption for Initiative Petition 15.

In distinguishing the proposed measures, the court first noted that Initiative Petition 14 proposed a constitutional amendment broadly prohibiting any estate or inheritance taxation. The court further clarified why that proposed measure's certified caption was acceptable:

"Although the measure clearly would have the *specific* effect of nullifying existing estate and inheritance tax laws, it ultimately would have the broader and more lasting effect of prohibiting the legislature in the *future*

4

from enacting laws imposing such taxes. Thus, [Initiative Petition 14] had the major effect of limiting the legislature's power to levy estate and inheritance taxes. In light of that effect, a caption that focused on that broad constitutional change, without mentioning the specifics of the existing laws that would be nullified, did not mislead readers about the scope of the proposed change."

*Id.* at 200-01 (emphasis in original).

Conversely, the court noted that Initiative Petition 15 proposed a statutory amendment that would phase out the existing statutory scheme for the taxation of estates as well as property transfers between family members. The court stated that

"[w]hen a proposed measure is explicitly directed at changing the existing statutory scheme and its major effect will be to change that scheme, the particulars of the existing scheme *may* be an essential element that must be disclosed in the caption in order to inform the reader of 'the scope of the legal changes that the proposed measure would enact.'"

*Id.* at 200 (emphasis in original) (quoting *Kain/Waller*, 337 Or at 40). Applying that principle, the court concluded that a shift away from the current taxation scheme, which taxes only large estates valued at $1 million or more, to a scheme that would allow large estates to avoid taxation, was a policy choice that was central to the proposed measure's subject matter. Consequently, the court held that that information must be disclosed in the certified caption. *Id.* at 201.

The analysis applied in those prior cases informs our decision here. As noted, Initiative Petition 18, if enacted, would add a statutory provision prohibiting the imposition of any estate tax, inheritance tax, tax on property transferred in connection with a person's death, or tax on property transferred between certain family members. Although that prohibition is somewhat similar to the broad constitutional prohibition

5

proposed by Initiative Petition 14, it differs significantly because it constitutes a statutory enactment with the specific effect of nullifying existing estate and inheritance tax statutes. In that regard, Initiative Petition 18 closely resembles Initiative Petition 15, which involved a similar proposed statutory measure.

Initiative Petition 15 proposed a gradual, not immediate, phase out of the current estate and inheritance tax statutory scheme. However, the end result of Initiative Petitions 15 and 18 is the same: the proposed measures would supersede statutory provisions currently imposing taxes on large estates valued at $1 million or more. Consequently, just as Initiative Petition 15 would result in a fundamental shift in Oregon's estate taxation scheme, so too will Initiative Petition 18 if the voters adopt that proposed measure. More specifically, in regard to Initiative Petition 18, prohibiting the imposition of current tax measures would represent a significant policy choice that goes to the heart of the proposed measure's effect -- *i.e.*, the choice to no longer impose estate and inheritance taxes on estates valued at $1 million or more. Because that effect is part of the subject matter of the proposed measure, it must be acknowledged in the ballot title's caption -- if it is possible to do so within the word limit -- in order to inform voters of the scope of the proposed change.

Petitioners further argue that the certified caption is deficient because it fails to inform voters that one effect of Initiative Petition 18 "would be to reduce revenue, without replacing that revenue." The Attorney General responds that it need not include the proposed measure's potential effect on revenue in the caption because the "yes" vote result statement sufficiently explains that adoption would result in the reduction of

6

revenue. We have recently addressed identical arguments in relation to Initiative Petition 15. *Rasmussen*, 351 Or at __ (slip op at 7). In that case, we rejected the petitioners' assertions and held that the reduction of revenue "is not so central to the proposed measure's meaning and purpose that it must be mentioned in the caption" as well as the "yes" vote result statement. *Id.* For the same reason, we reject petitioner's argument here.[1]

We next consider petitioners challenge to the "yes" and "no" vote result statements. To substantially comply with the relevant statutory standards, a "yes" vote result statement must be a "simple and understandable statement of not more than 25 words that describes the result if the * * * measure is approved." ORS 250.035(2)(b). Similarly, a "no" vote result statement must be a concise "simple and understandable statement of not more than 25 words that describes the result if the * * * measure is rejected." ORS 250.035(2)(c). The "yes" and "no" vote result statements should be read together. *Potter v. Kulongoski*, 322 Or 575, 582, 910 P2d 377 (1996).

Petitioners argue that the certified "yes" and "no" vote result statements do not comply with the applicable statutory standards. In petitioner's view, neither statement accurately describes the result if the measure is approved or rejected because neither informs voters that the current estate tax is imposed only on estates with a gross value of

[1] The petitioners in *Rasmussen*, 351 Or at 202 n 3, also argued that the caption for Initiative Petition 15 was inadequate because it did not mention a savings clause found in the proposed measure which allowed for the imposition of fees that may be triggered by a person's death. Petitioners here again raise that argument in regards to a similar savings provision in Initiative Petition 18, and we once more find that that argument lacks merit and reject it without further discussion.

$1 million or more. The Attorney General responds that the "no" vote result statement informs voters that the current estate tax scheme imposes estate taxes only on "estates of certain value." The Attorney General contends that that statement will sufficiently inform any voter who reads both the "yes" and "no" result statements together that the proposed measure's phase out of estate taxes would affect only a limited number of persons.

The Attorney General raised that argument twice before in defense of similarly worded "yes" and "no" vote result statements in the certified ballot titles for Initiative Petitions 14 and 15. We rejected the Attorney General's argument in both matters, concluding that the indefinite reference to "estates of certain value" did not inform voters *which* estates presently are subject to estate taxes and, thus, would continue to be subject to estate taxes if the measure were rejected. *See Rasmussen*, 350 Or at 538-39 (Initiative Petition 14); *Rasmussen*, 351 Or at 203 (Initiative Petition 15). For the reasons expressed in those decisions, the Attorney General must modify the "yes" and "no" vote result statements in this matter so that, individually or together, they inform the voter that current law only taxes estates valued at $1 million or more, that a "no" vote will retain that scheme, and that a "yes" vote will repeal it.[2]

*Rasmussen*, 351 Or at 204, invited the Attorney General to address on referral a problem concerning the accuracy of the certified summary in that case,

---

[2] Petitioners also argue that the "yes" and "no" vote result statements fail to address the fact that the proposed measure would allow certain fees associated with the death of an individual. We rejected that argument as not well taken in relation to Initiative Petition 15 in *Rasmussen*, 351 Or at 203 n 5, and we also reject it here.

8

specifically, the reference to the Internal Revenue Code in effect on "December 31, 2000." The Attorney General pointed out that the legislature's enactment of House Bill 2541 (2011), which the Governor signed on June 28, 2011, rendered that date reference inaccurate, because the pertinent statute, ORS 118.007, now refers to the Internal Revenue Code in effect on "December 31, 2010." The certified summary in this case reflects the same inaccuracy and, as in *Rasmussen*, we invite the Attorney General to address and correct that problem on referral.

We refer the certified ballot title to the Attorney General for modifications to the caption and "yes" and "no" vote result statements. We also invite the Attorney General on referral to modify the summary to correct the problem noted above resulting from the enactment of HB 2541.

The ballot title is referred to the Attorney General for modification.