282 November 27, 2015 No. 48

IN THE SUPREME COURT OF THE
STATE OF OREGON

Cynthia KENDOLL,
*Petitioner,*

*v.*

Ellen ROSENBLUM,
Attorney General, State of Oregon
*Respondent.*

(SC S063457)

En Banc

On petition to review ballot title filed August 12, 2015; considered and under advisement on October 13, 2015.

Eric C. Winters, Wilsonville, filed the petition and reply for petitioner.

Shannon T. Reel, Assistant Attorney General, Salem, filed the memorandum for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Gregory A. Chaimov, Davis Wright Tremaine LLP, Portland, filed the memorandum for *amici curiae* ACLU Foundation of Oregon and David Rogers, Rev. Joseph Santos-Lyons, and Kayse Jama.

LINDER, J.

The ballot title is referred to the Attorney General for modification.

**LINDER, J.**

Petitioner seeks review of the Attorney General's certified ballot title for Initiative Petition (IP) 40 (2016), contending that the caption, the "yes" result statement, and the summary do not comply with requirements set out in ORS 250.035(2). We review the certified ballot title to determine whether it substantially complies with those requirements. *See* ORS 250.085(5) (setting out that standard). For the reasons explained below, we refer the ballot title to the Attorney General for modification of the caption and the "yes" result statement.

IP 40, attached as an Appendix to this opinion, is a proposed statute that would make several changes to state law relating to the use and speaking of the English language. Section 1 first declares English to be the official language of the State of Oregon and then requires that official state actions be taken in the English language and provides that, with exceptions, "[n]o law, ordinance, decree, program, or policy of this State or any of its subdivisions" may require the use of any language other than English for preparation of documents, regulations, meetings, publications, and other related actions. Section 1 further provides that, with exceptions, persons who speak only English must be eligible for all programs, benefits, and opportunities of the state and its subdivisions, including employment; and that English-only speakers may not be penalized, or have their rights or opportunities impaired, solely because they speak only English. Section 2 sets out exceptions to certain aspects of section 1, detailing purposes for which the state and its "political subdivisions" may use a language other than English. Section 5 grants standing to any resident or person doing business in Oregon to seek a declaratory judgment as to whether a violation of the proposed statute has occurred and, if so, to obtain injunctive relief, with costs and reasonable attorney fees awarded to the prevailing party.

The Attorney General drafted a ballot title for IP 40, ORS 250.065(3), and the Secretary of State circulated that title for public comment, ORS 250.067(1). After receiving comments, the Attorney General modified the draft ballot

title, ORS 250.067(2)(a), and certified the following ballot title to the Secretary of State:

**"Changes state/'subdivision' (undefined) laws regarding English/other-language use and requirements; exceptions; authorizes lawsuits**

"**Result of 'Yes' Vote:** 'Yes' vote changes/eliminates state/'subdivision' (undefined) requirements regarding using/requiring English or other languages, with specified exceptions; authorizes lawsuits, attorney fees to prevailing plaintiffs.

"**Result of 'No' Vote:** 'No' vote retains existing requirements for officials, government/private entities regarding using/requiring English, other languages. Employee proficiency in other languages required in some circumstances.

"**Summary:** Current state/local laws may permit or require government agencies/private entities to provide services, documents in English and sometimes other languages. Some federal laws require entities receiving federal funds to provide services in languages other than English. Measure requires actions that bind, commit, or 'give the appearance of presenting' official state 'views'/'positions' be communicated in English. Measure requires state, 'subdivisions' to provide services in English, regardless of affected person's English proficiency. Exceptions include 'commonly used' terms, protect criminal defendants'/ victims' rights, teach English/other languages. (Effect of section unclear). English-only speakers cannot be deprived of state/'subdivision' 'programs,' 'benefits,' 'opportunities,' employment. (Quoted terms undefined). Authorizes enforcement lawsuits by residents/persons doing business in Oregon; costs, attorney fees for prevailing plaintiff. Other provisions."

Petitioner is an elector who timely submitted comments about the Attorney General's draft ballot title and who now is dissatisfied with the certified ballot title, ORS 250.085(2). Her challenges are directed to aspects of the caption, the "yes" result statement, and the summary that the Attorney General added after the comment period ended. *See* ORS 250.085(6) (permitting Supreme Court to consider such arguments).

Petitioner raises several challenges to the caption, contending that it fails to reasonably identify the subject matter of IP 40 and that it is "written in a manner unintelligible to the average voter." As to subject matter, she specifically contends that the caption should state that (1) IP 40 requires the state and other governmental entities to communicate and take action in only English (with exceptions); and (2) under IP 40, those same entities may not deny English-only speakers full participation in governmental programs, benefits, and opportunities, including employment (with exceptions). She also objects to the use of quotation marks and the designation of the term "subdivision" as undefined. As to readability, she asserts that the phrase "English/other-language use" is indecipherable and that the caption as a whole is unnecessarily difficult to read and understand.

The Attorney General responds that the certified ballot title accurately identifies the two major effects of IP 40: (1) "chang[ing]" state and "'subdivision'" laws relating to the use of English language and other languages, with exceptions; and (2) authorizing lawsuits. As to the first purported effect, the Attorney General cites current laws that either require the use of English in certain circumstances, *see* ORS 1.150 (all writings in Oregon court proceedings must be in English), or require non-English speech or writing in certain circumstances, *see, e.g.*, ORS 45.275 (requiring appointment of court interpreters in certain circumstances); ORS 411.970 (requiring certain agencies to provide non-English written materials in certain circumstances), all of which might be affected or "change[d]" by IP 40. As to the second purported effect, the Attorney General emphasizes the new equitable right of action that IP 40 creates—which, in turn, could result in significant cost to taxpayers—and argues that the caption should describe that right.

Under ORS 250.035(2)(a), the caption is limited to 15 words and must "reasonably identif[y] the subject matter" of IP 40—described in this court's case law as its "actual major effect" or, if more than one major effect, all effects describable within the available word limit. *Lavey v. Kroger*, 350 Or 559, 563, 258 P3d 1194 (2011); *see also Greenberg v.*

*Myers*, 340 Or 65, 69, 127 P3d 1192 (2006) (Attorney General may not select and identify in caption only one of multiple subjects, such that caption understates scope of subject matter). To ascertain the subject matter of a measure, this court typically considers the "changes that the proposed measure would enact in the context of existing law." *Rasmussen v. Kroger (S059261)*, 350 Or 281, 285, 253 P3d 1031 (2011); *see also Rasmussen v. Kroger*, 351 Or 358, 361, 266 P3d 87 (2011) (when major effect would substantively change existing law, ballot title should inform voters of scope of change). Because the caption is the "cornerstone" of the ballot title, it must identify the subject matter of the proposed measure in terms that will "inform potential petition signers and voters of the sweep of the measure." *Terhune v. Myers*, 342 Or 475, 479, 154 P3d 1284 (2007); *see also Greene v. Kulongoski*, 322 Or 169, 174-75, 903 P2d 366 (1995) (explaining that caption may not obscure measure's effect or make it difficult for voters to understand measure's subject).

We begin with petitioner's contentions about the English-use provisions in IP 40, sections 1(2) and 1(3). Both parties agree that those provisions are intended to, and would, change state law in terms of the exclusive use of the English language by the state and other governmental entities for official actions and communications. They disagree, however, as to how the caption should describe that actual major effect. We agree with petitioner that the Attorney General's current wording—"[c]hanges *** laws regarding English/other-language use"—does not sufficiently describe the major effect of the potential impact of sections 1(2) and 1(3) on current law. Of course, if passed, IP 40 would "change" existing laws—some that pertain to the use of the English language, and some that pertain to the use of languages other than English. More specifically, under section 1(2), all official state actions must be taken in English and in no other language; and, under section 1(3), the state and other governmental entities may not require the use of languages in addition to English in governmental communications, unless an exception applies. Collectively, and in consideration of the word-count limit set out in ORS 250.035(1)(a), the effect of those changes would be to expand governmental use of the English language exclusively or,

conversely stated, to decrease governmental use of languages in addition to English. Stating in a more neutral manner that IP 40 would "change" current law does not sufficiently alert voters about that major effect—that is, expanded requirements for governmental use of the English language (and a corresponding limitation on government's ability to require the use of languages other than English in certain circumstances). *See Dixon / Frohnmayer v. Rosenblum*, 355 Or 364, 373, 327 P3d 1160 (2014) (caption that phrases subject matter in too-sweeping terms impermissibly fails to disclose subject matter in terms that provide notice of principal substantive choices presented); *Rasmussen v. Kroger*, 351 Or 195, 198, 262 P3d 777 (2011) (caption must inform reader of scope of change that proposed measure would make). The Attorney General therefore must modify the caption to more accurately characterize the nature of that change.

As noted, the Attorney General identified a second major effect of IP 40—the authorization of lawsuits in the form of declaratory judgment actions and injunctive relief proceedings—in the caption of its certified ballot title. Petitioner does not appear to challenge inclusion of that aspect of IP 40. *See generally Greenberg*, 340 Or at 71-72, (proposed new regulatory enforcement scheme likely to be significant to voting public; caption therefore deficient for failing to identify scheme as part of measure's subject matter); *Mabon v. Kulongoski*, 324 Or 315, 319-20, 925 P2d 1234 (1996) (where subject matter of measure includes right to bring legal action, use of "permits lawsuits" in caption permissible).

Petitioner raises a different contention about the caption, however, arguing that it should inform voters that IP 40 would prohibit the state and other governmental entities from excluding English-only speakers from eligibility "to participate in all programs, benefits, and opportunities" that those entities provide, "including employment." The Attorney General argues that that effect is secondary to the more central purpose of expanding requirements for governmental use of the English language. After reviewing IP 40 as a whole, we disagree with the Attorney General's characterization.

Section 1 of IP 40 contains five operative provisions, the first of which sets out an "Official English Declaration" that provides a general basis for the provisions that follow. The remaining four operative provisions can be grouped into two categories. The first category, sections 1(2) and 1(3), pertains to governmental *use* of the English language; collectively, as just explained, those provisions would expand requirements for governmental use of English exclusively or—conversely stated—would decrease governmental use of languages in addition to English. The second category, sections 1(4) and 1(5), pertains to governmental *opportunities* for persons who speak *only* English. Specifically, section 1(4) provides that, unless an exception from section 2 applies, an English-only speaker "shall be eligible to participate in all programs, benefits, and opportunities, including employment," provided by the state or other governmental entities. Section 1(5) then provides, without express reference to the exceptions in section 2, that neither the state nor other governmental entity "shall penalize or impair the rights, obligations, or opportunities available to any person" solely because the person speaks only English. And, notably, section 5 provides an equitable right of action for *any* violation of IP 40, including both the English-use provisions and the English-only speaker provisions.

As to those English-only speaker provisions set out in section 1, neither the parties nor *amici* provide specific examples in terms of their actual operation or their impact on current law, and we hesitate to speculate about potential effects in that regard. But, for purposes of our "subject matter" inquiry here, ORS 250.035(2)(a), the text of IP 40 itself is instructive: It expressly would enact into current law a new, affirmative guarantee for English-only speakers, by ensuring broad governmental eligibility and participation opportunities, including employment of any kind, unless an exception applies.[1] That new, affirmative guarantee— enforceable by declaratory judgment action—is a significant component of the subject matter of IP 40 that the caption

---

[1] Or, conversely stated, IP 40 would permit governmental entities to make certain programs, benefits, or opportunities, including employment, available based on the ability to speak a language other than English *only* if an identified exception applied.

should highlight for potential voters. *See generally Greene* 322 Or at 174-75, (caption must permit voters to understand subject matter of proposed measure); *Fred Meyer, Inc., v. Roberts*, 308 Or 169, 173-74, 777 P2d 406 (1989) (in selecting caption wording to accurately describe subject matter of proposed measure, court considered extent to which measure continued or, by contrast, potentially altered state of current law).

Petitioner next contends that the Attorney General's caption for IP 40 "is constructed in an incomprehensible manner" and ultimately "convey[s] little of value to the average voter." We agree that, as written, the caption is unnecessarily difficult to understand and, therefore, does not sufficiently explain the subject matter of IP 40 to the voters. *See Mabon v. Kulongoski*, 325 Or 121, 127, 934 P2d 403 (1997) (caption using "nearly incomprehensible wording" fell short of satisfying ORS 250.035(2)(a)). Most notably, multiple slash marks and the complex phrase, "laws regarding English/other-language use and requirements," hamper the reader's ability to understand the caption. Within the 15-word limit, the Attorney General must convey the actual major effects of the measure—the expansion of English-only requirements, the assurance of eligibility and opportunities for English-only speakers, and the authorization of equitable actions—in a manner that is understandable to the average voter. *See [Crew/Garcia v. Myers](#)*, 336 Or 535, 541, 87 P3d 656, *[recons allowed on other grounds](#)*, 336 Or 635 (2004) (suggesting that, if caption would cause average voter to be misled or to confuse concepts, then caption would not satisfy statutory requirements).[2]

Finally, the parties disagree about the meaning of the term "subdivisions" in parts of section 1 of IP 40 and whether that term carries the same meaning as "political subdivisions" as used in sections 2 and 3. We need not resolve that dispute, because the identification of which particular

---

[2] The Attorney General argues that the phrase "English/other-language use" should be retained because IP 40 would affect current state laws requiring the use of English and laws requiring the use of languages other than English. As discussed above, however, the actual major effect of IP 40 in that regard is to expand English-use laws. That effect can be described without resort to a phrase such as "English/other-language use."

governmental entities—other than the state—would be subject to various aspects of IP 40 is not an actual major effect of the proposed measure that must be stated in the caption. Rather, the key is that IP 40 applies to governmental action, even though its specific requirements may not apply directly to every type of governmental entity. In modifying the caption within the 15-word limit consistently with our earlier discussion, the Attorney General may consider the extent— if any—to which the caption should continue to describe which governmental entities are subject to the measure.[3]

Turning to the "yes" result statement, petitioner argues that that statement incorporates the same flaws as the caption, specifically arguing that it (1) should more clearly state that IP 40 requires that governmental actions and communications be taken and made in the English language; (2) should identify the effect of "prohibit[ing] discrimination against English-only speakers" in benefits and employment; and (3) is not comprehensible. The Attorney General likewise responds by repeating earlier arguments relating to the caption.

Under ORS 250.035(2)(b), the "yes" result statement must set out a "simple and understandable statement of not more than 25 words that describes the result" if the measure is approved. For the same reasons set out above in our discussion of the caption, we conclude that the "yes" result statement does not substantially comply with that statutory standard. The Attorney General must modify the "yes" result statement to more clearly and accurately describe two significant components of IP 40 not already captured in that statement—that is, expansion of governmental exclusive English-use requirements and ensured eligibility and opportunities for English-only speakers. That modification, in turn, should improve the readability of the "yes" result statement for the average voter.[4]

---

[3] By way of example, the Attorney General's modified caption could say, "Expands governmental English-use requirements; ensures eligibility/opportunities for English-only speakers; exceptions; authorizes lawsuits."

[4] In ensuring that its modified "yes" result statement complies with the 25-word limit in ORS 250.035(2)(b), the Attorney General may wish to consider eliminating the current reference to prevailing party fees under section 5 of IP 40, which the Attorney General appropriately notes in the summary.

Finally, petitioner challenges the summary of the certified ballot title for IP 40, arguing that it should state the "official language" policy declaration from section 1(1), that it inaccurately portrays certain aspects of IP 40, and that it otherwise suffers from poor grammatical construction. The Attorney General responds that its summary sets out a "concise and impartial statement of not more than 125 words summarizing the state measure and its major effect," as required by ORS 250.035(2)(d). We agree with the Attorney General. The summary draws its wording directly from the key components of IP 40—including provisions about the required use of the English language in official governmental actions and services (with applicable exceptions), ensured eligibility and opportunities for English-only speakers, and the authorization of lawsuits. Given that each of those key provisions and major effects are accurately summarized using the wording of the measure itself, we do not think it necessary for the summary to separately state that IP 40 declares English to be the official language of the State of Oregon. In short, the summary substantially complies with the requirements set out in ORS 250.035(2)(d). *See* *McCann/Harmon v. Rosenblum,* 354 Or 771, 775, 323 P3d 264 (2014) (summary must give voters sufficient information so as to adequately understand changes that the measure would make).[5]

The ballot title is referred to the Attorney General for modification.

---

[5] As part of our consideration of the issues that the parties have raised, we also considered arguments advanced by *amici curiae* Rogers, Santos-Lyons, and Jama. Their arguments largely mirrored the Attorney General's and are addressed in our discussion above.

APPENDIX

Section 1.    Official English Declaration

1.  The English language is the official language of the
    State of Oregon[.]

2.  Official actions of this State which bind or commit the
    State or which give the appearance of presenting the
    official views or position of the State shall be taken in
    the English language.

3.  No law, ordinance, decree, program, or policy of this
    State or any of its subdivisions, shall require the use
    of any language other than English for any documents,
    regulations, orders, transactions, proceedings, meet-
    ings, programs, or publications, except as provided in
    Section 2.

4.  A person who speaks only the English language shall
    be eligible to participate in all programs, benefits and
    opportunities, including employment, provided by this
    State and its subdivisions, except when required to
    speak another language as provided in Section 2.

5.  No law, ordinance, decree, program, or policy of this
    State or any of its subdivisions shall penalize or impair
    the rights, obligations or opportunities available to any
    person solely because a person speaks only the English
    language.

Section 2.    Exceptions

The State and its political subdivisions may use a language
other than English for any of the following purposes:

1.  To teach or encourage the learning of languages other
    than English;

2.  To protect the public health or safety;

3.  To teach English to those who are not fluent in the
    language;

4.  To comply with the Native American Languages Act,
    the Individuals with Disabilities Education Act, or any
    other federal law;

5.  To protect the rights of criminal defendants and victims of crime;

6.  To promote trade, commerce, and tourism;

7.  To create or promote state or agency mottos, inscribe public monuments, and perform other acts involving the customary use of a language other than English.

8.  To utilize terms of art or terms or phrases from other languages which are commonly used in communications otherwise in English.

Section 3.   Rules of Construction

Notwithstanding any other state law and except as provided in section 2 of this chapter, nothing in this chapter shall be construed to prohibit any elected official, officer, agent, employee of the state or a political subdivision, while performing official functions, from communicating unofficially through any medium with another person in a language other than English (as long as official functions are performed in English).

Section 4.   Private Use Protected

The declaration and use of the English language as the official language of the State of Oregon should not be construed as infringing upon the rights of any person to use a language other than English in private communications or actions, including the right of government officials (including elected officials) to communicate with others while not performing official actions of the State.

Section 5.   Standing to Sue

Any person who is a resident of, or doing business in the state of Oregon shall have standing to sue any agency or official of the state of Oregon to seek a declaratory judgement [*sic*] as to whether this Article has been violated and injunctive relief there-from. A qualified person may file suit even if the Attorney General or other appropriate official of the State has not filed such a suit, and the suit may be brought on behalf of all citizens of the State. A person who prevails, in whole or in part, in such a suit, shall be entitled

to costs of bringing and maintaining the suit, including reasonable attorney's fees.

Section 6.    Severability

If any provision of this Article, or the applicability of any provision to any person or circumstance, shall be held to be invalid by a court of competent jurisdiction, the remainder of this Article shall not be affected and shall be given effect to the fullest extent practicable.

Section 7.    Federal Pre-emption

Nothing in this act shall be interpreted as conflicting with the laws of the United States.