**Filed: February 2, 2012**

IN THE SUPREME COURT OF THE STATE OF OREGON

GAIL RASMUSSEN
and BETHANNE DARBY,

Petitioners,

v.

JOHN R. KROGER,
Attorney General,
State of Oregon,

Respondent.

(SC S059448)

En Banc

On objections to modified ballot title filed December 5, 2011; considered and under advisement on December 29, 2011.

Aruna A. Masih, Bennett, Hartman, Morris & Kaplan, LLP, Portland, filed the response for petitioners.

Judy C. Lucas, Assistant Attorney General, Salem, filed the response for respondent. With her on the response were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Kevin L. Mannix, Kevin L. Mannix, P.C., Salem, filed the memorandum of *amicus curiae* Robert Zielinski, Jr.

PER CURIAM

Ballot title modified and certified to the Secretary of State.

PER CURIAM

This matter is before the court following the filing by the Attorney General of a modified ballot title for Initiative Petition No. 18 (2012) in response to this court's decision in *Rasmussen v. Kroger*, 351 Or 358, ___ P3d ___ (2011).  On December 12, 2011, Robert Zielinski, Jr., a chief petitioner on the initiative petition, sought the court's permission to appear as *amicus curiae* to object to the Attorney General's modified ballot title.  *See* ORAP 11.30(8) (describing procedure).  The court granted leave to Zielinski to appear as *amicus curiae* and state his objections to the modified ballot title.

The court has considered Zielinski's objections and, with the exception of the objection discussed below, rejects them.

One of Zielinski's objections is well-taken.  The summary in the Attorney General's modified ballot title states that the initiative petition, if approved by the voters, will prohibit the imposition of inheritance taxes on property of a person dying on or after "January 1, 2016."  Zielinski correctly points out that the accurate date for that statement in the summary is January 1, *2013*.  Petitioners Rasmussen and Darby and the Attorney General agree with that objection.

Because of the error noted above, the Attorney General's modified ballot title does not substantially comply with statutory requirements.  To remedy the problem, the court will modify the ballot title and certify the modified ballot title, set out in Appendix A, to the Secretary of State.  ORS 250.085(10)(b) (describing procedure).

Ballot title modified and certified to the Secretary of State.

APPENDIX A

**Nullifies existing inheritance tax on estates of $1 million, prohibits taxing family property transfers**

**Result of "Yes" Vote:** "Yes" vote nullifies, prohibits existing inheritance tax on estates of $1 million or more, other death-related or family property transfers; reduces state revenue.

**Result of "No" Vote:** "No" vote retains existing inheritance tax on estates of $1 million or more; retains tax on all income-producing property transfers between family members.

**Summary:** Current law imposes a one-time inheritance tax on estate of person dying on or after January 1, 2012, if its gross value -- determined by federal laws as of December 31, 2010 -- is at least $1 million. Current law taxes income-producing property sales, regardless of parties' relationship. Measure nullifies existing inheritance tax, tax on property transfers between "family members" (defined), and tax on property transferred in connection with a person's death; prohibits imposition of such taxes on property of a person dying on or after January 1, 2013. State may cooperate with other states and federal government in administering their estate/inheritance taxes; permits fees on probate, other transactions that occur following person's death. Measure reduces state revenues; provides no replacement. Other provisions.