344 October 17, 2013 No. 51

IN THE SUPREME COURT OF THE
STATE OF OREGON

Gail RASMUSSEN
and Bethanne Darby,
*Petitioners*,

*v.*

Ellen ROSENBLUM,
Attorney General,
State of Oregon,
*Respondent*.

(SC S061470)

En Banc

On petition to review ballot title filed July 5, 2013; considered and under advisement August 23, 2013.

Aruna A. Masih, Bennett, Hartman, Morris & Kaplan LLP, Portland, filed the petition and reply for petitioners.

Rolf C. Moan, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the answering memorandum were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

WALTERS, J.

The ballot title is referred to the Attorney General for modification.

**WALTERS, J.**

Pursuant to ORS 250.085(2), petitioners seek review of the ballot title for Initiative Petition 12 (2014). Because we conclude that the ballot title does not substantially comply with ORS 250.035(2), we refer it to the Attorney General for modification.

The proposed measure provides, in part, that "[a]ll family giving is exempt from taxation." It defines "family giving" to include giving by voluntary act or by operation of law from one family member to another family member or trust. Current Oregon law does not impose a tax on gifts during a person's lifetime; it does impose a tax on property that is transferred as a result of a person's death. *See* ORS 118.010 and 118.160 (imposing state tax on transfers of property on death). However, that tax applies only to estates valued at more than $1 million. ORS 118.160(1)(c). Consequently, estates valued at less than $1 million would not be affected by Initiative Petition 12 (2014). The proposed measure would exempt estates valued at $1 million or more from existing estate or inheritance taxes if such estates are transferred from one family member to another family member or trust.

The Attorney General certified the following ballot title:

**"Exempts from state, local taxation 'family giving' (defined) of any 'property' (defined), including by inheritance**

**"Result of 'Yes' Vote:**   'Yes' vote exempts 'family giving' (defined) of 'property' (defined)—including inheritance received from a 'family member' (defined)—from state or local taxation; reduces state revenue.

**"Result of 'No' Vote:**   'No' vote retains law taxing certain estates and making those to whom estate property passes—even if related to decedent—liable for unpaid estate tax.

**"Summary:**   Current law imposes one-time tax on estate of person who dies when value of estate—as determined by federal law—is $1 million or more; if estate does not pay tax, those to whom estate property passes are liable; does not otherwise tax property received as gifts or inheritance. Measure precludes state, local tax on property—defined

as including any legal or equitable interest in anything of value—given from one 'family member' (defined) to another family member; includes property passed by will, inheritance, or other operation of law; exempts all 'family giving' (defined) from taxation. Measure does not prohibit or restrict ordinary property taxes imposed based on ownership of an interest in property. Measure reduces state revenues; provides no replacement. Other provisions."

Petitioners first object to the caption. A certified ballot title must contain a "caption of not more than 15 words that reasonably identifies the subject matter of the * * * measure." ORS 250.035(2)(a). Petitioners contend that the caption does not "reasonably identif[y] the subject matter" of the measure, because it does not explain its effect on current law. In particular, petitioners argue that the caption must make clear "the significant policy choice at the heart of the proposed measure's effect"; that is, the choice to exempt "family giving" from any estate or inheritance tax on estates of $1 million or more. For that proposition, petitioners cite this court's decisions discussing a similar measure—*Rasmussen v. Kroger*, 351 Or 358, 266 P3d 87 (2011) (*Rasmussen I*), and *Rasmussen v. Kroger*, 351 Or 542, 270 P3d 250 (2012) (*Rasmussen II*)—and ask that we require the Attorney General to certify for this measure the same ballot title that the Attorney General certified for that similar measure.

The similar measure to which petitioners refer is Initiative Petition 18 (2012). That measure would have enacted "a prohibition on the imposition of any state or local estate tax, inheritance tax, tax on property transferred in connection with a person's death, or tax on the transfer of property between 'family members' as the proposed measure define[d] that term." *Rasmussen I*, 351 Or at 360. The caption that the Attorney General initially certified stated:

"Prohibits estate and inheritance taxes, and any tax on property transfers between 'family members' (defined)."

*Id.*

The court described the parties' positions as to that caption as follows:

"According to petitioners, the certified caption erroneously suggests to voters that the measure would prohibit taxes

"that presently apply to all estates, when, in fact, the present statutory scheme taxes only estates with a gross value of $1 million or more. The Attorney General responds that the caption accurately informs voters that the measure would prohibit the imposition of any estate or inheritance tax as well as tax on property transfers between certain family members without suggesting that all voters currently are subject to such taxes."

*Id.* at 361-62. After observing that it had twice considered similar arguments, the court referred the ballot title to the Attorney General for modification. The court explained that

"prohibiting the imposition of current tax measures would represent a significant policy choice that goes to the heart of the proposed measure's effect—*i.e.*, the choice to no longer impose estate and inheritance taxes on estates valued at $1 million or more. Because that effect is part of the subject matter of the proposed measure, it must be acknowledged in the ballot title's caption—if it is possible to do so within the word limit—in order to inform voters of the scope of the proposed change."

*Id.* at 364.

Petitioners urge the same result in this case and ask us to require the Attorney General to certify for Initiative Petition 12 (2014) the caption that the Attorney General certified, after court referral, for Initiative Petition 18 (2012):

"Nullifies existing inheritance tax on estates of $1 million, prohibits taxing family property transfers."

The Attorney General recognizes the relevance of this court's reasoning in *Rasmussen I*, but argues that the measure at issue here is more complicated than was the measure proposed in Initiative Petition 18 (2012) and asserts that it would be difficult to more fully describe the effect of this measure on existing law in 15 words or less. The Attorney General also argues that the caption that petitioners propose, if used for this measure, would be inaccurate and thereby misleading.

We agree that the caption that the Attorney General certified for Initiative Petition 18 (2012) does not accurately describe the subject matter of Initiative Petition

12 (2014). For instance, unlike Initiative Petition 18 (2012), the measure at issue here does not affect the taxation of all estates; it affects only the taxation of estates that pass to family members or trusts. Therefore, the measure does not "nullify" inheritance taxes generally, and a caption that so stated would be inaccurate. However, the fact that the caption that the Attorney General certified in response to this court's decision in *Rasmussen I* does not precisely fit the measure now at issue does not mean that we should ignore the logic of the court's decision in that case. The court's conclusion in *Rasmussen I*—that the caption should reflect the measure's policy choice to no longer impose an inheritance tax on estates valued at $1 million or more—is applicable, at least in part, here.

The proposed measure would exempt many estates valued at $1 million or more from inheritance and estate taxes. Many people bequeath their property to family members by will, and Oregon law provides that the property of those who die without wills passes to surviving family members by operation of law. *See* ORS 112.015 to 112.055 (law of intestate succession). Furthermore, although designing a caption that accurately reflects that policy choice is undeniably a daunting task, we do not think that it is insurmountable. Without requiring the Attorney General to use any one of the following suggested captions, we advance them for her consideration:

> Exempts property transfers within families (primarily inherited estates over $1 million) from state taxes;

> Exempts property transfers within families from state taxes, primarily inherited estates over $1 million;

> Exempts transfers within families from tax on inherited estates over $1 million, other state taxes.

Petitioners also object to the certified "yes" vote result statement on the basis that it fails to provide the voter with sufficient substantive information to understand the policy choice proposed by the measure's operative terms. We agree. ORS 250.035(2)(b) requires that the ballot measure include a "simple and understandable statement of not more than 25 words that describes the result if the state measure

is approved." Like the caption, the "yes" vote result statement also must inform voters that the primary effect of the measure will be to make transfers within families exempt from existing inheritance and estate taxes on estates of more than $1 million.

The caption and the "yes" vote result statement do not substantially comply with ORS 250.035(2)(a) and (b) in the respect that we have identified. The ballot title is referred to the Attorney General for modification.[1]

_____

[1] We reject without discussion petitioner's other challenges to the ballot title.